■ PHYLLIS GIRYLUK, Respondent, v JOHN GIRYLUK, Appellant.—In a support proceeding pursuant to Family Court Act § 412 in which an order of support was made in 1979, John Giryluk appeals, as limited by his brief, from so much of an order of the Family Court, Rockland County (Stanger, J.), dated February 26, 1987, as upon granting his motion for reargument of his prior motion to dismiss the proceeding, denied the motion without a hearing, and, inter alia, directed him to continue making payments.

Ordered that on the court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Mangano, and leave to appeal is granted by Justice Mangano; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In or about May 1984 the petitioner wife commenced the instant proceeding for spousal support in the Family Court. The appellant husband moved to dismiss the proceeding and terminate his support obligations on the ground that his marriage to the petitioner was invalid. He asserted that he was still married to his first wife when he married the petitioner and that the petitioner had assisted him in securing a false Mexican divorce from his first wife in order to marry him. The petitioner, who was proceeding pro se, submitted no opposition. The Family Court, in an order dated October 23, 1986, set the matter down for a hearing to determine: (1) whether the Mexican divorce was in fact fraudulent and thereby null and void, and (2) if so, whether the petitioner was fully aware of this arrangement.

The appellant thereupon moved for reargument, claiming, in essence, that the matter should not have been set down for a hearing and that his motion to dismiss should have been granted. The County Attorney opposed the motion on behalf of the petitioner. Reargument was granted, and, upon reargument, the order dated October 23, 1986 was vacated and the motion to dismiss was denied without a hearing based upon the County Attorney's contention that in an earlier support

proceeding, several years prior to that date, the appellant had made the identical motion to dismiss which had been denied. The court, *inter alia,* found that the principles of collateral estoppel and res judicata barred the relief sought by him. This appeal ensued.

It is true that the Family Court, pursuant to Family Court Act § 451, has continuing jurisdiction over any order it issues in the course of a Family Court proceeding and that no order in such a proceeding creates a vested right *(see, Matter of Jones v Jones,* 51 Misc 2d 610). Nevertheless, such an order is binding as to all matters that were or should have been litigated and is res judicata as between the parties in the Family Court *(see, Stone v Stone,* 108 AD2d 969, 970; *Matter of Miller v Miller,* 36 AD2d 832, 833; *Matter of Medici v Medici,* 53 Misc 2d 826; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 451, at 338). Therefore, since the appellant's motion to dismiss the prior proceeding on the ground of the invalidity of the marriage was denied, he may not relitigate that issue in this proceeding. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.