■ MARGARET MARONEY (SOLIN), Respondent, v THOMAS W. MARONEY, Appellant. [617 NYS2d 874] —In a matrimonial action in which the parties were divorced by judgment dated February 25, 1980, the defendant former husband appeals from (1) an order of the Supreme Court, Westchester County (Wood, J.), entered April 22, 1992, as awarded the plaintiff (a) the sum of $15,450 plus interest in the amount of $3,989.54 for arrears in child support, (b) $10,750 in attorney's fees, and (c) $2,500 in costs and (2) a judgment of the same court, dated May 11, 1992, as is in favor of the plaintiff former wife and against him in the amount of (a) $15,450 plus interest in the amount of $3,989.54 for arrears in child support, (b) $10,750 in attorneys fees and (c) $2,500 in costs, for a total sum of $32,689.54.

Ordered that the appeal from the order is dismissed without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law by deleting therefrom so much of the decretal paragraph as awarded attorney's fees, costs, and interest to the plaintiff; as so modified, the judgment is affirmed without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a *de novo* hearing and determination with respect to plaintiff's application for attorney's fees, costs and interest.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court's award of counsel fees and interest was in violation of the defendant's due process rights, as he was never notified that such an award was under consideration. The defendant was specifically advised by the court that it would not be addressing the issue of willfulness with regard to unpaid child support payments. The court, nonetheless, awarded counsel fees and interest based on a finding of willfulness *(see, Brody v Brody,* 98 AD2d 702, 703; *Leibowits v Leibowits,* 93 AD2d 535).

The court further erred in making the award of attorney's fees solely on the basis of a brief without first conducting a hearing as to the value of the legal services rendered *(Price v Price,* 115 AD2d 530; *Weinberg v Weinberg,* 95 AD2d 828, 829). In the absence of a stipulation regarding the amount due, the defendant was entitled to an evidentiary hearing to test in a meaningful way the value and time of the claimed services of counsel *(Petritis v Petritis,* 131 AD2d 651, 654).

Finally, the record contains no proof that the defendant was ever given a reasonable opportunity to be heard prior to the court's imposition of costs pursuant to 22 NYCRR part 130 *(see, Flaherty v Stavropoulos,* 199 AD2d 301).

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing *de novo* on the issues of plaintiff's entitlement to costs, interest, and attorney's fees pursuant to Domestic Relations Law §§ 237, 238.

We find no merit to the defendant's remaining contention. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.