■ DONNA SANTORA, Formerly Known as DONNA NICOLINI, Respondent, v JOSEPH NICOLINI, Appellant. [656 NYS2d 887] —In

a matrimonial action in which the parties were divorced by a judgment dated February 26, 1992, the defendant former husband appeals from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered January 12, 1996, as granted those branches of the former wife's motion as sought (a) child support arrears in the principal sum of $7,200.11, (b) arrears of equitable distribution in the principal sum of $19,460, to be paid out of an escrow account created from the proceeds of the sale of the marital residence, (c) attorney's fees in the principal sum of $5,000, and (d) one half of his IRA account, and denied that branch of his cross motion which was for downward modification of child support.

Ordered that the order is modified, on the law, by deleting the provisions thereof awarding the plaintiff child support arrears in the principal sum of $7,200.11, arrears of equitable distribution in the principal sum of $19,460, attorney's fees in the principal sum of $5,000, and denying a downward modification of his child support obligation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

A child support obligation based, as here, upon a settlement agreement which was incorporated but not merged into a judgment of divorce may be modified where there is a substantial, unanticipated, and unreasonable change in circumstances since the judgment (see, Boden v Boden, 42 NY2d 210, 212-213; Matter of Beck v Beck, 228 AD2d 672; Ruggerio v Ruggerio, 173 AD2d 595, 597). Here, the husband's submissions before the trial court were sufficient to warrant a hearing as to whether such changes occurred. Further, his submissions were sufficient to warrant a hearing as to the amount of arrears owed for child support. As against such arrears, the husband is entitled, inter alia, to an offset for a tax refund due him that was admittedly received by the wife and applied toward such arrears.

The husband admittedly failed to fufill his obligation under the separation agreement to pay the wife her equitable share of income derived from two promissory notes held by him. However, based on the conflicting evidence as to the date payment was stopped on each of the notes and the husband's assertion that he permissibly applied certain of the payments to mortgage arrears accrued by the wife in violation of her obligations under the separation agreement, a hearing is necessary to determine the amount, if any, owed to the wife on the notes. Because the husband's obligation to pay the wife her share of the proceeds from the notes is conditioned upon the payment

of the underlying obligation by the promissors, inquiry must be made into the husband's assertion that one of the notes, the so-called "Wise note", is uncollectable. It must also be determined whether, as asserted by the wife, the alleged default on the Wise note was due to the husband's intentional dissipation of that asset in violation of the parties' separation agreement.

Absent a stipulation by the parties to the contrary, it is ordinarily improper to award counsel fees on the basis of affirmations alone (see, Maroney v Maroney, 208 AD2d 915, 916; Fishkin v Fishkin, 201 AD2d 202, 208; Petritis v Petritis, 131 AD2d 651, 654). The husband is entitled to a hearing to test in a meaningful way the value and extent of the claimed services of counsel (see, Maroney v Maroney, supra, at 916; Osborn v Osborn, 144 AD2d 350, 352; Petritis v Petritis, supra, at 654).

We have considered the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.