■ In the Matter of AIMEE KLEIGER-BROWN, Respondent, v MITCHELL BROWN, Appellant. [761 NYS2d 516] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered October 31, 2002, which denied his objections to an order of the same court (Sherman, H.E.), dated September 6, 2002, granting the mother a money judgment for arrears in child support in the amount of $129,937.

Ordered that the order is affirmed, with costs.

On this appeal, the father argues that the Family Court's order denying his objections was error. However, the father's present contention is barred by the doctrine of collateral estoppel. It is well settled that the doctrine of collateral estop-

pel bars a party from "relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party" (*Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349 [1999] [internal quotation marks omitted]; *see Ryan v New York Tel. Co.,* 62 NY2d 494 [1984]). "The doctrine applies if the issue in the second action was 'raised, necessarily decided and material in the first action,' and if the party 'had a full and fair opportunity to litigate the issue in the earlier action'" (*Pinnacle Consultants v Leucadia Natl. Corp.,* 94 NY2d 426, 432 [2000], quoting *Gramatan Home Inv. Corp. v Lopez,* 46 NY2d 481, 485 [1979]). Here, the father's contention with respect to child support was determined in a prior appeal (*see Brown v Brown,* 239 AD2d 535 [1997]).

The father's remaining contentions are without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.