■ In the Matter of PERLATA LACOMBE, Respondent, v YOURI F. MARIUS, Appellant. [771 NYS2d 353]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Richroath, J.), dated October 7, 2002, which denied his objections to two orders of the same court (Spegele, H.E.), both dated August 8, 2002, which, after a hearing, inter alia, granted the mother's petition for child support arrears, awarded the sum of $12,854.50, and dismissed his petition for downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

By order dated September 26, 2001, issued after a hearing, the Hearing Examiner directed the father to pay weekly child support in the sum of $307.30. The father did not file objections to the Hearing Examiner's order. The mother subsequently filed a petition to enforce the order and the father, in turn, filed a petition for downward modification of his child support obligation. After a hearing, the Hearing Examiner, inter alia, fixed the amount of arrears in the sum of $12,854.50 and dismissed the father's petition. The father's objections to the Hearing Examiner's orders were denied.

The father sought a downward modification of his child support obligation based on a change of circumstances. The alleged changed circumstance was a period of unemployment which preceded the support order dated September 26, 2001. He claimed that arrears which accrued during that period should not have been awarded and that his support obligation should have been reduced.

The Family Court properly denied the father's objections to the Hearing Examiner's orders. The father did not demonstrate a change in circumstances since the September 26, 2001 order and he was precluded from relitigating the issue of the amount of support awarded in that order (*see Matter of Kleiger-Brown v Brown,* 306 AD2d 482 [2003]; *Giryluk v Giryluk,* 149 AD2d 665 [1989]; Family Ct Act § 451; *cf. Matter of Bolotnikov v Bolotnikov,* 262 AD2d 318 [1999]).

The father's remaining contentions are without merit. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.