In the Matter of DARINDA FIELD, Respondent, v GREGORY FIELD, Appellant. [889 NYS2d 649]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated January 23, 2009, which denied his objections to an order of the same court (Rodriguez, S.M.), dated October 22, 2008, which, after a hearing, denied his petition for a downward modification of his child support obligation and granted the mother's petition for child support arrears.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied the father's objections to the Support Magistrate's order denying his petition for a downward modification of his child support obligation set forth in a stipulation of settlement incorporated, but not merged, in the parties' judgment of divorce. The child support provisions contained in a settlement agreement should not be disturbed unless there is a substantial, unanticipated, and unreasonable change in circumstances since the entry of the divorce judgment (*see Matter of Boden v Boden,* 42 NY2d 210, 212-213 [1977]; *Matter of Ripa v Ripa,* 61 AD3d 766 [2009]). In order to meet that burden, a party seeking a downward modification based on a loss of employment must submit evidence showing a good faith effort to obtain employment commensurate with that party's earning capacity (*see Matter of Fowler v Rivera,* 40 AD3d 1093, 1094 [2007]). The father's conclusory allegations were not sufficient to support his claim that he used his best efforts to obtain employment commensurate with his qualifications and experience (*see Matter of D'Altilio v D'Altilio,* 14 AD3d 701 [2005]; *Barson v Barson,* 32 AD3d 872, 873 [2006]).

The father's remaining contention is without merit (*see Mat-*

*ter of Maurer v Erdheim*, 292 AD2d 455 [2002]). Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.