■ In the Matter of JOHN A. BELMONTE, Appellant, v KAREN DREHER, Respondent. [909 NYS2d 394]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated March 24, 2010, which denied his objections to an order of the same court (Fields, S.M.) dated January 15, 2010, which, after a hearing, denied his petition for a downward modification of his child support obligation as set forth in the parties' judgment of divorce dated August 20, 1999.

Ordered that the order dated March 24, 2010, is affirmed, with costs.

Since the father's child support obligation was set by agreement, he bore the burden of establishing both a substantial and an unanticipated change of circumstances (see Matter of Field v Field, 67 AD3d 1012 [2009], citing Matter of Boden v Boden, 42 NY2d 210, 212, 213 [1977]; Matter of Mera v Rodriguez, 74 AD3d 974 [2010]; Matter of Gedacht v Agulnek, 67 AD3d 1013 [2009]; Matter of Ripa v Ripa, 61 AD3d 766 [2009]). Although loss of employment may constitute a substantial and unanticipated change of circumstances, a party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she diligently sought to obtain employment commensurate with his or her earning capacity (id.).

We agree with the finding of the Support Magistrate that the appellant failed to meet that burden. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.