■ ERIK L. BAKER, Appellant, v PATRICIA P. BAKER, Respondent. [922 NYS2d 442]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Strauss, J.), entered November 19, 2009, as denied his cross motion to vacate the child support provisions of the parties' stipulation dated September 25, 2005, and (2) so much of a judgment of the same court entered December 22, 2009, as, upon an order of the same court dated January 22, 2009, inter alia, denying that branch of his motion which was to modify the parties' stipulation by awarding him sole custody of the parties' child, and upon an order of the same court dated July 14, 2009, among other things, denying that branch of his motion which was for a downward modification of his child support obligation set forth in the stipulation, and upon the order entered November 19, 2009, awarded the defendant physical custody of the parties' child and directed him to pay certain child support in accordance with the stipulation.

Ordered that the appeal from the order entered November 19, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated November 19, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The issues raised by the plaintiff with respect to custody on the appeal from the judgment have been raised and resolved, or could have been raised, in connection with a prior appeal (*see Baker v Baker*, 66 AD3d 722, 723 [2009]). Under such circumstances, generally, further review of such issues is precluded (*see e.g. Allison v Allison*, 60 AD3d 711, 711 [2009]; *Duffy v Holt-Harris*, 260 AD2d 595, 595-596 [1999]). The plaintiff has asserted no basis for this Court to deviate from its prior decision, nor has he asserted any other basis to reverse the judg-

ment insofar as it awarded the defendant physical custody of the parties' child.

Contrary to the plaintiff's contention, the Supreme Court properly directed him to pay child support in accordance with the parties' stipulation dated September 25, 2005. First, with respect to the plaintiff's contention, in effect, that his child support obligations under the stipulation should be vacated because the parties did not validly opt out of the Child Support Standards Act guidelines (*see* Domestic Relations Law § 240 [1-b]), it is clear from the stipulation, as the Supreme Court found, that the parties did not intend to opt out of those guidelines but, rather, agreed that the plaintiff would pay child support in accordance therewith. Accordingly, the plaintiff's contention is without merit (*see Fasano v Fasano*, 43 AD3d 988, 989-990 [2007]). Further, with respect to the plaintiff's contention that he was entitled to a downward modification of his child support obligation as set forth in the stipulation, "he bore the burden of establishing both a substantial and an unanticipated change of circumstances" (*Matter of Belmonte v Dreher*, 77 AD3d 937 [2010] [citations omitted]). While "loss of employment may constitute a substantial and unanticipated change of circumstances, a party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she diligently sought to obtain employment commensurate with his or her earning capacity" (*id.*). Here, we agree with the Supreme Court that the plaintiff failed to satisfy that burden (*see e.g. Barson v Barson*, 32 AD3d 872, 873 [2006]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.