■ 2626 BWAY LLC, Appellant, v BROADWAY METRO ASSOCIATES, LP, et al., Respondents. [925 NYS2d 437]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 22, 2010, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff purchaser alleges that defendant seller Broadway Metro Associates, LP anticipatorily breached the contract for the purchase of real property by, inter alia, its inability to convey title with certain development rights purportedly provided to the seller in a recorded zoning lot development agreement (ZLDA) made between the seller and an adjoining property owner. However, neither the contract of sale nor the ZLDA provide for the development rights claimed by plaintiff to exist. These agreements are unambiguous and must be enforced as written (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).

The ZLDA and an agreement entered into between the seller and the adjoining property owner specifically conveyed to the adjoining property owner a light and air easement beginning 15

feet above the parapet wall of the roof of the subject premises. However, the fact that the area covered by the easement does not begin until 15 feet above the parapet wall does not provide the seller with the right to add to the premises up to that point or create any obligation on the part of the adjoining property owner to protect such right. The ZLDA's only protection of a right to build on the roof is the retention of Broadway Metro's right to use that area "for mechanical equipment . . . or any other devices." Under the rule of construction inclusio unius est exclusio alterius, the expression of a specific guarantee of use implies the exclusion of any other guarantee of use (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 404 [1984]; *Matter of New York City Asbestos Litig.*, 41 AD3d 299, 302 [2007]).

Since the contract of sale was specifically made "SUBJECT TO" the ZLDA and included the ZLDA as a "Permitted Exception" to the conveyance of title, the seller was under no obligation to convey title in the manner claimed by plaintiff and thus, plaintiff's attempt to hold the seller in breach for this purported defect is unavailing.

Defendant seller's unilateral scheduling of a clear and unequivocal "time of the essence" closing date on three-weeks' written notice was reasonable under the circumstances (*cf. ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ. **[Prior Case History: 2009 NY Slip Op 33002(U).]**