■ In the Matter of Henry Ramirez, Appellant, v Vanessa Bobe, Respondent. [926 NYS2d 557]—

In a proceeding for a downward modification of the petitioner father's child support obligations set forth in a so-ordered stipulation of the parties entered March 26, 2010, which, inter alia, reaffirmed the father's basic child support obligation of $800 per month set forth in the parties' judgment of divorce, the father appeals, as limited by his brief, from so much of an order of the Family Court, Putnam County (Reitz, J.), entered August 30, 2010, as denied his objections to so much of an order of the same court (Kaufman, S.M.), entered July 8, 2010, as denied, without a hearing, that branch of the petition which sought downward modification of his basic child support obligation.

Ordered that the order entered August 30, 2010, is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment dated January 16, 2009, which provided for basic child support of $800 per month, with no add-ons for child care, pursuant to a stipulation between the parties signed in 2008. Thereafter, the mother moved in the Family Court to require the father to pay certain child care expenses. That dispute was settled by a stipulation that was so-ordered on March 26, 2010. The stipulation provided that the father would pay a specified portion of certain child care expenses which did not exist at the time of the parties' divorce, and that the parties would "retain all other provisions as to child support" included in the judgment of divorce, including the provision that the father "shall pay" the mother $800 per month for basic child support.

In June 2010 the father commenced this proceeding for downward modification, inter alia, of his basic child support obligation of $800 per month. In the petition, the father alleged, as a change of circumstances since the March 2010 stipulation, that, due to his disability, he was unemployed and his salary had changed.

On July 8, 2010, the parties appeared before the Support Magistrate. The father claimed that he was retired on ordinary disability on April 14, 2010, and was now receiving a disability pension, which was much lower than his regular salary. Documents submitted to the Family Court established that the Police Commissioner of the City of New York directed the Police Pension Article II Medical Board (hereinafter the Medical Board) to examine the father for ordinary disability retirement. By memorandum dated December 7, 2009, the Medical Board recommended approval of the Police Commissioner's application to retire the father on ordinary disability retirement. Although the father challenged that recommendation, he retired effective April 14, 2010.

The Support Magistrate, in effect, found that there was no unanticipated change of circumstances since March 2010. The Support Magistrate further found that the father could work someplace else, because he was "physically capable."

In his written objections challenging that determination, the father stated that his ordinary disability retirement on April 14, 2010, constituted an unanticipated change of circumstances since March 2010. He further claimed that there was a change of circumstances since the parties' divorce in 2009; in 2009 he earned almost $110,000, while he was currently receiving only $40,000 per year. In the order appealed from, the Family Court found that the father failed to establish an unanticipated change of circumstances since March 2010, because the father was the subject of disability retirement proceedings since July 2009.

As the father's child support obligation was set by agreement, he was obligated to show "both a substantial and an unanticipated change of circumstances" since he entered into the agreement (*Matter of Belmonte v Dreher*, 77 AD3d 937 [2010]; *see Matter of Field v Field*, 67 AD3d 1012 [2009], citing *Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). As of March 2010, when the father entered into the stipulation of settlement of the mother's petition for upward modification of his child support obligations, proceedings to place the father on disability retirement were nearing completion; his disability retirement could not be considered unanticipated.

The father claims that the March 2010 stipulation did not

modify his basic child support; therefore, the relevant date for determining whether there was an unanticipated change of circumstances was the date of the stipulation settling the divorce action. However, in his petition in the Family Court, Putnam County, for downward modification, the father did not mention the stipulation in the divorce action. Rather, he asserted that there was an unanticipated change of circumstances since the March 2010 agreement. In any event, the basic child support obligation of $800 per month was part of the March 2010 agreement, since that agreement included a provision that the father "shall pay" that amount.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.