■ In the Matter of MADISON PARK OWNER LLC, Appellant, v ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, et al., Respondents. [940 NYS2d 605]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered August 9, 2011, which denied the petition and dismissed the proceeding to set aside the determination of respondent Attorney General of the State of New York, dated March 23, 2011, directing the return of a down payment made by respondent Alan Krouk in connection with a purchase agreement for condominium unit 9E at 15 East 26th Street, New York, NY, unanimously affirmed, without costs.

Petitioner's threshold assertion that the court should review the Attorney General's interpretation of the purchase agreement de novo is incorrect. Courts review determinations of the Attorney General concerning down payments, which frequently turn on contract interpretation questions, using the "rational basis" standard (see Dunlop Dev. Corp. v Spitzer, 26 AD3d 180 [2006]).

The CPLR article 78 court correctly held that the Attorney General's determination was not arbitrary or capricious. The result reached by the Attorney General was that, since neither relied-upon contractual provision was applicable to the facts presented, a common-law analysis was warranted, and pursuant thereto, Krouk was entitled to return of the down payment. Such result was correct under the common law. Where, as here, the original contract does not make the designated closing date "time of the essence," either party may set a reasonable closing date after the initially scheduled closing date has passed, and declare that the newly scheduled date is "time of the essence," and that failure to perform on such date will be considered a default (see Liba Estates v Edryn Corp., 178 AD2d 152 [1991]). As the Attorney General properly applied the common law (since neither of the two cited contractual provisions was applicable), his determination was not clearly erroneous or arbitrary and capricious. Concur—Tom J.P., Friedman, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32109(U).]**