In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (McGowan, J.), dated December 21, 2012, which denied his objections to an order of the same court (Kaur, S.M.) dated September 25, 2012, which, after a hearing, denied his petition for a downward modification of his child support obligation.
Ordered that the order dated December 21, 2012, is reversed, on the facts, with costs, the father’s objections to the order dated September 25, 2012, are granted, the order dated September 25, 2012, is vacated, the father’s petition is granted, and the matter is remitted to the Family Court, Queens County, for a hearing and a determination thereafter of the amount of the father’s reduced child support obligation.
The parties’ stipulation of settlement, which was incorporated but not merged into the parties’ judgment of divorce, and which set forth the father’s child support obligation, was executed prior to the effective date of the 2010 amendments to Family Court Act § 451. Therefore, in order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of showing a substantial and unanticipated change in circumstances since the time he agreed to the support amount (see Family Ct Act § 451 [2] [a]; L 2010, ch 182, § 13; Matter of Sabini v Sabini, 105 AD3d 749 [2013]; Matter of *934 Belmonte v Dreher, 77 AD3d 937 [2010]; Schlakman v Schlakman, 38 AD3d 640, 641 [2007]). Loss of employment may at times constitute a substantial and unanticipated change in circumstances (see Baker v Baker, 83 AD3d 977, 978 [2011]; Matter of Belmonte v Dreher, 77 AD3d at 937). A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she diligently sought to obtain employment commensurate with his or her earning capacity (see Matter of Belmonte v Dreher, 77 AD3d at 937).
Here, the father testified that he is unable to pay child support because he lost his prior job in October 2010. More specifically, he stated that he had been working at a restaurant in the dual capacity of manager and head waiter. Following his loss of that employment, he sought and obtained a position as a manager at a restaurant at a lesser salary, but could not find a position working in the dual capacity of manager and head waiter.
Under these circumstances, the father demonstrated that his loss of employment and obtainment of new employment at a lesser salary constituted a substantial and unanticipated change in circumstances, and that he made a good faith effort to obtain new employment which was commensurate with his qualifications and experience (see Matter of Ceballos v Castillo, 85 AD3d 1161, 1163 [2011]; Matter of Getty v Getty, 83 AD3d 835 [2011]). Thus, the Support Magistrate’s determination that the father failed to satisfy his burden of establishing an inability to pay his monthly child support obligation of $2,500, which had been set in the parties’ judgment of divorce, is not supported by the evidence. Accordingly, the father’s objections to the Support Magistrate’s order denying his petition for a downward modification of his child support obligation should have been granted.
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.E, Angiolillo, Hall and Cohen, JJ., concur.