(May 14, 2015)

■ S.T.A. Parking Corp., Respondent, v Lancer Insurance Company, Appellant. [9 NYS3d 250]—

Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered July 18, 2013, awarding plaintiff the principal sum of $196,372.33, and bringing up for review an order, same court (Ira Gammerman, J.H.O.), entered November 29, 2012, which, after a hearing, determined that plaintiff is entitled to recover said amount as legal fees as against defendant, with interest and costs, unanimously reversed, on the law, without costs, the award of attorneys' fees vacated and the matter remanded for a new hearing.

On a prior appeal, this Court affirmed an order, entered December 27, 2011, which, to the extent appealed from, declared that a policy issued by defendant Lancer did not provide coverage to plaintiff STA in certain underlying property damage actions against it (110 AD3d 512 [1st Dept 2013],

*lv denied* 23 NY3d 902 [2014]). Lancer did not appeal from the portion of the December 27, 2011 order which held that, pursuant to the law of the case established by an earlier order issued in March 2010 (from which an appeal was noticed but eventually withdrawn), Lancer was obligated to provide a defense for STA in those actions until the date the issue of coverage was determined. While an appeal from a final judgment may bring up for review any intermediate nonfinal order that necessarily affects the final judgment and has not previously been reviewed by the appellate court (*see* CPLR 5501 [a] [1]; *Siegmund Strauss, Inc. v East 149th Realty Corp.*, 20 NY3d 37, 41-42 [2012]), Lancer's failure to include the prior orders, or any of the papers submitted with respect to the underlying motions, in the appellate record renders meaningful review of those orders impossible (*see* CPLR 5526; *UBS Sec. LLC v Red Zone LLC*, 77 AD3d 575, 579 [1st Dept 2010], *lv denied* 17 NY3d 706 [2011]).

Thus, the only issue presented by this appeal is the propriety of Supreme Court's determination of the amount of attorneys' fees incurred in plaintiff's defense up to the date of the coverage determination. After a very abbreviated hearing before the JHO, plaintiff's counsel was awarded attorneys' fees of $196,372.33, the exact amount that was sought, to the penny. We find that a new hearing is required to develop the record as to the reasonableness of the attorneys' fees charged by plaintiff's counsel (*see e.g. Matter of Freeman*, 34 NY2d 1, 9 [1974] [in determining what constitutes reasonable attorneys' fees, the court should consider, among other things, the time, labor and skill required, the difficulties involved in the matter, the lawyer's experience, ability and reputation, the amount involved and the results obtained]; *Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005] ["the court always has the authority and responsibility to determine that the claim for fees is reasonable"]). Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ.