■ EVUNP HOLDINGS LLC et al., Respondents, v JACOB FRYDMAN et al., Appellants, et al., Defendants. [62 NYS3d 263]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered June 20, 2016, in plaintiffs' favor in the total sum of $29,658.43, bringing up for review an order, same court and Justice, entered November 2, 2015, which fixed the amount of attorneys' fees and costs awarded to plaintiffs as $28,033.99, unanimously reversed, on the law, without costs, the award vacated, and the matter remanded to Supreme Court for a hearing on the amount of attorneys' fees and costs, in conformance with this Court's decision.

On a prior appeal, this Court affirmed an order which, to the extent appealed from, awarded plaintiffs their costs in replying to, and moving to strike, defendants' defective motions (138 AD3d 607 [1st Dept 2016]). At that time, this Court declined to consider defendants' challenge to the reasonableness of plaintiffs' fees, which had been awarded in a subsequent order, finding that "[w]hether the sum the court awarded was proper is not before us on this appeal" (*id.* at 607). We now determine the issue. Contrary to plaintiffs' contention, defendants' appeal from the ensuing judgment, after issuance of the underlying

order, is proper (*see* CPLR 5501 [a]; *Matter of Aho*, 39 NY2d 241, 248 [1976]).

"[T]he [trial] court . . . has the authority and responsibility to determine that the claim for fees is reasonable" (*Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005]). "[T]he burden of showing the 'reasonableness' of the fee lies upon the claimant" (*Matter of Karp [Cooper]*, 145 AD2d 208, 216 [1st Dept 1989], citing *Matter of Potts*, 213 App Div 59, 61 [4th Dept 1925], *affd* 241 NY 593 [1925]).

Plaintiffs' failure to address any of the *Matter of Freeman* (34 NY2d 1, 9 [1974]) factors used to determine the reasonableness of attorneys' fees, other than time and labor, which was supported by invoices with block-billed entries, some of which contained redactions, warrants remand for a hearing (*see S.T.A. Parking Corp. v Lancer Ins. Co.*, 128 AD3d 479, 480 [1st Dept 2015]; *135 E. 57th St., LLC v 57th St. Day Spa, LLC*, 126 AD3d 471, 472 [1st Dept 2015]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz and Kern, JJ.