Maria S. Masigla, P.T., as Assignee of Bony, Bergomi, Appellant, 
against
United Services Automobile Association, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
McDonnell, Adels & Klestzick, PLLC (Linda A. Mule, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered January 15, 2016. The judgment, entered pursuant to an order of that court dated December 14, 2015 granting defendant's motion to dismiss the complaint pursuant to CPLR 3126 and, in effect, denying plaintiff's cross motion for summary judgment, dismissed the complaint and awarded defendant $750 in attorney's fees.




ORDERED that, on the court's own motion, the notice of appeal from the order dated December 14, 2015 is deemed a premature notice of appeal from the judgment entered January 15, 2016 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is modified by vacating so much thereof as awarded defendant $750 in attorney's fees, and so much of the order dated December 14, 2015 as directed plaintiff to pay $750 in legal fees to defendant's counsel is vacated; as so modified, the judgment is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant, in November 2013, answered the complaint and served plaintiff with, among other things, [*2]combined discovery demands and a notice to take an examination before trial. Thereafter, plaintiff moved for, among other things, summary judgment, and defendant cross-moved, pursuant to CPLR 3126, to dismiss the complaint based on plaintiff's failure to provide the requested discovery or, in the alternative, pursuant to CPLR 3124, to compel plaintiff to respond to the demands. Defendant argued, among other things, that plaintiff was ineligible to receive no-fault benefits because it had not complied with the licensing laws (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]). Plaintiff opposed the cross motion, arguing, among other things, that it had responded to defendant's discovery demands, and annexed its responses, which were dated December 2, 2014, as an exhibit to its opposition papers. In an order entered December 18, 2014, the Civil Court (Jodi Orlow, J.), among other things, granted defendant's cross motion to the extent of directing plaintiff to provide defendant with responses to specified discovery requests within 45 days of the date of service of a copy of the order, and stated that plaintiff's failure to comply with the order shall result in the dismissal of the complaint with prejudice. 
In April 2015, defendant moved to dismiss the complaint pursuant to CPLR 3126 based on plaintiff's failure to comply with the December 18, 2014 order. Plaintiff cross-moved for summary judgment and opposed defendant's motion, stating, among other things, that it was entitled to a protective order; that it had already provided responses to defendant, i.e., in December 2014; and that defendant was not entitled to further discovery. By order dated December 14, 2015, the Civil Court (Terrence C. O'Connor, J.) granted defendant's motion and dismissed the complaint with prejudice, in effect, denied plaintiff's cross motion, and, sua sponte, directed plaintiff to pay $750 in legal fees to defendant's counsel. Plaintiff's appeal from the December 14, 2015 order is deemed to be from the judgment that was subsequently entered on January 15, 2016 dismissing the complaint (see CPLR 5520 [c]) and awarding defendant $750 in attorney's fees.
The determination to strike a pleading based on a party's failure to provide discovery pursuant to a court order lies within the sound discretion of the trial court (see Kihl v Pfeffer, 94 NY2d 118, 123 [1999]; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923 [2012]; Giano v Ioannou, 78 AD3d 768, 770 [2010]; Fishbane v Chelsea Hall, LLC, 65 AD3d 1079, 1081 [2009]). Dismissal of a complaint pursuant to CPLR 3126 is a drastic remedy but is warranted where a party's conduct is shown to be willful, contumacious or in bad faith (see Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685 [2011]). Plaintiff's willful and contumacious conduct can be inferred here from its refusal to respond to defendant's discovery demands after being directed to do so in the December 18, 2014 order, which order noted that any failure to comply therewith would result in the dismissal of the complaint, and from plaintiff's failure to provide a reasonable excuse for its failure to comply (see Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943 [2012]; Rowell v Joyce, 10 AD3d 601 [2004]; Jamhil Med., P.C. v Allstate Ins. Co., 44 Misc 3d 130[A], 2014 NY Slip Op 51028[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, the Civil Court did not improvidently exercise its discretion in dismissing the complaint pursuant to CPLR 3126. 
However, the Civil Court's sua sponte award of attorney's fees to defendant, apparently pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR), was improper, as plaintiff was not provided with a reasonable opportunity to be heard on the issue as required by Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (d) (see Spataro v Abusabe, 32 Misc 3d 130[A], 2011 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Maroney v Maroney, 208 AD2d 915 [1994]). Plaintiff's remaining contentions are either unpreserved for appellate review or lack merit.
Accordingly, the judgment is modified by vacating the award to defendant of $750 in attorney's fees, and so much of the order dated December 14, 2015 as directed plaintiff to pay $750 in legal fees to defendant's counsel is vacated.
SOLOMON, J.P., and ELLIOT, J., concur.
PESCE, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017