Matter of Barnard v Zelniker (2018 NY Slip Op 02322)





Matter of Barnard v Zelniker


2018 NY Slip Op 02322


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-05197
 (Docket No. F-14294-10)

[*1]In the Matter of Robert T. Barnard, appellant, 
v
Sandi Loren Zelniker, respondent.


Robert T. Barnard, Arlington, VA, appellant pro se.
Sandi Loren Zelniker, Hartsdale, NY, respondent pro se.



DECISION & ORDER
Appeal by the father from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered April 5, 2017. The order denied the father's objections to an order of that court (Esther R. Furman, S.M.), entered January 4, 2017, which, inter alia, dismissed his petition to terminate his child support obligation.
ORDERED that the order entered April 5, 2017, is affirmed, without costs or disbursements.
The father and the mother were married and had two children. The parties separated and entered into two so-ordered stipulations which, together, set forth the parties' agreement with respect to, inter alia, custody, visitation, and child support. Thereafter, the parties were divorced by judgment dated November 15, 2006. The stipulations were incorporated but not merged into the judgment of divorce. In July 2016, the father filed a petition to terminate his child support obligations based upon constructive emancipation of the children. The mother moved, among other things, to dismiss the petition, and, in an order entered January 4, 2017, the Support Magistrate granted that branch of the motion. The father filed objections to the Support Magistrate's order dismissing his petition and, in an order entered April 5, 2017, the Family Court denied the objections. The father appeals.
We substantially agree with the reasoning of the Family Court [Here, under the circumstances of this case, the Family Court properly denied the father's objections to the Support Magistrate's determination] (see Merl v Merl, 67 NY2d 359, 362; see also Matter of Field v Field, 67 AD3d 1012, 1012).
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court