REEC W. 11th St. LLC v 246 W. 11th St. Realty Corp. (2018 NY Slip Op 04117)





REEC W. 11th St. LLC v 246 W. 11th St. Realty Corp.


2018 NY Slip Op 04117


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6960 651014/17

[*1]REEC West 11th Street LLC, Plaintiff-Appellant,
v
246 West 11th St. Realty Corp., Defendant-Respondent, John Does 1-10, et al., Defendants.


Fischer Porter & Thomas, P.C., New York (Aaron E. Albert of counsel), for appellant.
Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered November 20, 2017, dismissing the complaint, unanimously affirmed, with costs.
The documentary evidence establishes a defense to plaintiff's claims as a matter of law (see Leon v Martinez, 84 NY2d 83, 88 [1994]; CPLR 3211[a][1]). The complaint alleges that plaintiff worked diligently and in good faith to close title to the property that was the subject of the parties' contract of sale and that defendant breached the contract and the covenant of good faith and fair dealing by its unreasonable conduct. These allegations are utterly refuted by the contract of sale, the amendment to the contract, defendant's "Time Is of the Essence" letter, and plaintiff's conduct in failing to close by any of the time of the essence dates.
Although the October 29, 2015 contract of sale did not contain a time is of the essence provision, the November 14, 2016 amendment, executed by both parties, set a new closing date of December 30, 2016, and gave plaintiff the right to adjourn the scheduled closing date to January 31, 2017; it provided that time was of the essence as to either the scheduled or the adjourned date (see Miller v Almquist, 241 AD2d 181, 185 [1st Dept 1998]). Plaintiff failed to close. On February 14, 2017, defendant issued the time of essence letter with a closing date of March 1, 2017, which was reasonable in light of the absence of a contingency clause in the contract of sale (see Beth Equities v Silgo Greenwich Assoc., 223 AD2d 367 [1st Dept 1996], lv denied 88 NY2d 802 [1996]; 2626 Bway LLC v Broadway Metro Assoc., LP, 85 AD3d 456 [1st Dept 2011]; cf. Miller v Almquist, 241 AD2d at 185 [finding time to close not reasonable where delay was merely to finalize documentation of approved financing and buyers were not experienced in purchase of real estate]).
The acknowledged existence of unresolved issues with adjacent neighbors, upon which funding was purportedly based, notwithstanding the no-contingency contract of sale, [*2]demonstrates that plaintiff was not "ready, willing, and able" to close on any of the time is of the essence dates, including the court-ordered date of April 13, 2017, and the date specified in its own complaint (see Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 138 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK