McMann v McMann (2019 NY Slip Op 00429)





McMann v McMann


2019 NY Slip Op 00429


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-07709
 (Index No. 346/07)

[*1]Margaret McMann, respondent, 
v
Darin McMann, appellant.


Santoro & Scigliano, Carmel, NY (Sarah R. Scigliano of counsel), for appellant.
Joseph R. Miano, White Plains, NY (Jennifer C. Kruglinski of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the father appeals from an order of the Supreme Court, Putnam County (James F. Reitz, J.), dated June 6, 2016. The order, after a hearing, in effect, granted the mother's motion to dismiss the father's petition for a downward modification of his child support obligation.
ORDERED that the order is reversed, on the law, with costs, the mother's motion to dismiss the father's petition for a downward modification of his child support obligation is denied, and the matter is remitted to the Supreme Court, Putnam County, for a new hearing and determination of the father's petition.
The parties were married and had three children. After the mother commenced an action for a divorce and ancillary relief, the parties entered into a stipulation of settlement dated February 8, 2008 (hereinafter the 2008 stipulation of settlement), which was incorporated, but not merged, into an amended judgment of divorce dated April 15, 2009. The 2008 stipulation of settlement provided, inter alia, that the father would pay $1,750 per month for child support.
In 2015, the father filed a petition for a downward modification of his child support obligation. The petition alleged, among other things, that there had been a decrease in his income and an increase in the mother's income since the 2008 stipulation of settlement was executed. Thereafter, the mother moved to dismiss the petition. In the order appealed from, made after a fact-finding hearing, the Supreme Court, in effect, granted the mother's motion to dismiss the petition.
The 2008 stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). Accordingly, to establish his entitlement to a downward modification of his child support obligation, the father had the burden of showing "a substantial and unanticipated change in circumstances since the time he agreed to the support amount" (Matter of Milton v Tormey-Milton, 133 AD3d 857, 858; see Gribbin v Gribbin, 126 AD3d 938, 939; Matter of Dimaio v Dimaio, 111 AD3d 933, 933-934). "A parent's inability to secure new work after losing employment may constitute a substantial and unanticipated change in circumstances where the award of support was premised upon a particular amount of income" (Matter of Milton v Tormey-Milton, 133 AD3d at 858; see Matter of Dimaio v Dimaio, 111 AD3d at 934; Matter of Belmonte v Dreher, 77 AD3d 937, 937). "A party seeking a downward [*2]modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she diligently sought to obtain employment commensurate with his or her earning capacity" (Matter of Dimaio v Dimaio, 111 AD3d at 934; see Matter of Belmonte v Dreher, 77 AD3d at 937).
Here, the Supreme Court erred in precluding the father from fully testifying in support of his allegations that there had been a decrease in his income since the execution of the 2008 stipulation of settlement (see Matter of Bolotnikov v Bolotnikov, 262 AD2d 318). The father's petition was properly based upon facts and circumstances that had occurred after the 2008 stipulation of settlement was executed (see Matter of Dimaio v Dimaio, 111 AD3d at 934; Matter of Bolotnikov v Bolotnikov, 262 AD2d 318; cf. Lacome v Marius, 4 AD3d 430, 430). Furthermore, although the parties entered into another stipulation of settlement in 2011, that stipulation did not, by its own terms, purport to modify or supersede the child support award set forth in the 2008 stipulation of settlement. Similarly, the resolution of previous proceedings which were commenced by the mother to enforce the 2008 stipulation of settlement did not necessarily resolve the issues raised in the father's 2015 modification petition (cf. Matter of Leone v Leone, 137 AD2d 753). Under such circumstances, the doctrine of collateral estoppel is inapplicable (see Matter of Kleiger-Brown v Brown, 306 AD2d 482, 482-483) and, as such, it could not serve to preclude the father's testimony regarding his level of income since the execution of the 2008 stipulation of settlement (see generally Kowalsky v County of Suffolk, 139 AD3d 903, 904). Since the court should not have precluded the father from fully testifying in support of his allegations that there had been a decrease in his income since the execution of the 2008 stipulation of settlement, we reverse the order appealed from, deny the mother's motion to dismiss the father's petition, and remit the matter to the Supreme Court, Putnam County, for a new hearing and determination of the father's petition (see Matter of Bolotnikov v Bolotnikov, 262 AD2d 318; see also Matter of Coleman v Coleman, 1 AD3d 833, 835).
In light of the foregoing, we need not reach the father's remaining contentions.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court