Matter of Camarda v Charlot (2020 NY Slip Op 02191)





Matter of Camarda v Charlot


2020 NY Slip Op 02191


Decided on April 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-13247
2018-13248
 (Docket No. F-08229-09)

[*1]In the Matter of Joseph Camarda, appellant,
v
Marie L. Charlot, respondent.


Joseph Camarda, Belle Terre, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Darlene Jorif-Mangane, S.M.), dated July 28, 2018, and (2) an order of the same court (David Morris, J.) dated September 7, 2018. The order dated July 28, 2018, granted, without a hearing, the mother's motion to dismiss the father's petition for a downward modification of his child support obligation and for an award of an attorney's fee in the amount of $2,250. The order dated September 7, 2018, denied the father's objections to the order dated July 28, 2018.
ORDERED that the appeal from the order dated July 28, 2018, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 7, 2018; and it is further;
ORDERED that the order dated September 7, 2018, is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated July 28, 2018, as granted that branch of the mother's motion which was for an award of an attorney's fee in the amount of $2,250, and substituting therefor a provision granting that objection to the extent of
vacating that portion of the order dated July 28, 2018; as so modified, the order dated September 7, 2018, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing to address the appropriateness of an award of an attorney's fee to the mother and the amount, if any, to be awarded, and a new determination thereafter of that branch of the mother's motion.
The parties have one child together. Pursuant to a 2009 order of child support, the father is obligated to pay child support to the mother through the support collection unit. In February 2015, the father petitioned for a downward modification of his child support obligation. In an order dated December 8, 2015, after a hearing, a Support Magistrate dismissed the father's petition upon concluding that he had not established a substantial change in circumstances to warrant a downward modification of his child support obligation.
In May 2018, the father filed the petition at issue here, again seeking a downward modification of his child support obligation on essentially the same grounds that he had asserted in 2015. The mother moved to dismiss the petition and for an award of an attorney's fee in the amount of $2,250. The parties attended a court proceeding on July 12, 2018 (hereinafter the July 2018 [*2]proceeding), wherein the Support Magistrate indicated on the record that the father's petition would be dismissed. At the end of the July 2018 proceeding, after the Support Magistrate orally dismissed the petition, the attorney for the mother asked about that branch of her motion which was for an award of an attorney's fee. Without affording the father an opportunity to be heard on that branch of the motion, the Support Magistrate indicated that it would be addressed in the order and the parties were then directed to exit the courtroom. In an order dated July 28, 2018 (hereinafter the July 2018 order), the Support Magistrate granted the mother's motion to dismiss the father's petition and for an award of an attorney's fee in the amount of $2,250. In an order dated September 7, 2018, the Family Court denied the father's objections to the dismissal of his petition and the award of an attorney's fee to the mother in the amount of $2,250 as set forth in the July 2018 order.
"Upon an application to set aside or vacate an order of support, no hearing shall be required unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested" (Family Ct Act § 451[1]; see Matter of Figueroa v Herring, 61 AD3d 976, 977; D'Alesio v D'Alesio, 300 AD2d 340, 341). "The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Nieves-Ford v Gordon, 47 AD3d 936, 936; see Matter of Marrale v Marrale, 44 AD3d 773, 775).
Here, the father failed to make a prima facie showing that "a substantial change in circumstances" had occurred subsequent to the determination of his 2015 petition for a downward modification (Family Ct Act § 451[3][a]; see Matter of Bono v Pitre, 97 AD3d 743, 743). He was precluded from relitigating the same facts he had raised in 2015 in his subsequent petition (see Matter of Solis v Marmolejos, 50 AD3d 691, 692; Matter of Lacome v Marius, 4 AD3d 430, 430). Thus, we agree with the Family Court's determination denying the father's objection to so much of the July 2018 order as granted that branch of the mother's motion which was to dismiss his petition.
However, the Family Court should have granted the father's objection to so much of the July 2018 order as granted that branch of the mother's motion which was for an award of an attorney's fee in the amount of $2,250 to the extent of directing a hearing as to the appropriateness of the award and the amount of the fees (see Santora v Nicolini, 237 AD2d 504, 506). Although an award of reasonable counsel fees is a matter within the sound discretion of the trial court (see Matter of Grald v Grald, 33 AD3d 922, 923; see also Matter of Westergaard v Westergaard, 106 AD3d 926, 926), under the circumstances presented here, the father had no opportunity at the proceeding to challenge the appropriateness of the award or the amount sought by the mother (see Santora v Nicolini, 237 AD2d at 506). Accordingly, the father's objection to the award of an attorney's fee to the mother in the amount of $2,250 is granted to the extent of remitting the matter for a hearing on the appropriateness of the award and the amount, if any, of attorney's fees to be awarded (see id.), and a new determination thereafter of that branch of the mother's motion.
The father's remaining contentions are not properly before this Court as they were not raised in his objections to the July 2018 order (see Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947; Matter of Corr v Corr, 3 AD3d 567, 567).
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court