Apple Bank for Sav. v Prime Rok Real Estate, LLC (2024 NY Slip Op 03074)

Apple Bank for Sav. v Prime Rok Real Estate, LLC

2024 NY Slip Op 03074

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 653140/23 Appeal No. 2450 Case No. 2024-00548 

[*1]Apple Bank for Savings, Plaintiff-Appellant,
v
Prime Rok Real Estate, LLC, et al., Defendants-Respondents, Stern Tannenbaum & Bell LLP, Nominal Defendant.

Tarter Krinsky & Drogin LLP, New York (Dean G. Yuzek of counsel), for appellant.
Castro Law Group PLLC, New York (Claude Castro of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 16, 2024, which granted defendants Prime Rok Real Estate, LLC and 626 Pelham Operating, LLC's motion for summary judgment on their claim that they are entitled to the return of their deposit based on counsel for plaintiff's unauthorized practice of law, and denied plaintiff's motion for summary judgment, unanimously modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.
Plaintiff commenced this action against defendants, alleging that their failure to attend two time of the essence closings constituted a default under the parties' purchase and sale agreement, and that plaintiff was thereby entitled to the deposit. Apparently, unbeknownst to plaintiff, one of the attorneys representing them in the transaction from the law firm of Stern Tannenbaum & Bell LLC was suspended from practicing law at the time for failing to file his biennial attorney registration.
Under the circumstances presented, the motion court erred in granting defendants' motion for summary judgment based entirely on the attorney's unauthorized practice of law (see Dunn v Eickhoff, 35 NY2d 698, 699 [1974]). In light of the fact that plaintiff was unaware of his suspension, that he was working under the supervision of a partner at the firm, that he was promptly terminated after Stern Tannenbaum became aware of the suspension, and that there was no prejudice to defendants, the entire real estate transaction here is not null and void simply by virtue of his work on it (see id.; see also Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645, 650 [2019]).
In any event, defendants failed to establish prima facie entitlement to summary judgment on their claim for the deposit, as they failed to show that they demanded good title from plaintiff, informed it of specific defects in title prior to the closing, or provided it with reasonable time to cure the exceptions noted by the title insurer (see Hu v Leff, 158 AD3d 419, 420 [1st Dept 2018]; Latipac Corp. v BHM Realty LLC, 148 AD3d 466, 466 [1st Dept 2017]; Roman v Watson, 297 AD2d 319 [2d Dept 2002], lv denied 99 NY2d 505 [2003]). Moreover, plaintiff established that it made immediate and diligent efforts to obtain documentation showing that it was authorized to execute the sale by its shareholders, and ultimately found another title insurer that determined that its proof was sufficient to provide insurable authorization for the sale of the property (see Laba v Carey, 29 NY2d 302, 307-308 [1971]).
However, plaintiff is also not entitled to summary judgment, as there remain issues of fact as to whether the exception noted by defendants' title insurer was a "Permitted Encumbrance" under the purchase and sale agreement (see 2626 Bway LLC v Broadway Metro Assoc., LP, 85 AD3d 456, 457 [1st Dept 2011]; NYC 4900 Holdings LLC v Sternhell, 189 AD3d 505 [1st Dept 2020]). The title insurer engaged by plaintiff after [*2]the initial closing date did not expressly state that it was willing, without special premium, to omit the issue as an exception to coverage.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024