Xinni Zhang v Chu (2025 NY Slip Op 03988)

Xinni Zhang v Chu

2025 NY Slip Op 03988

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Rodriguez, Rosado, JJ. 

Index No. 156407/22|Appeal No. 4668-4669|Case No. 2024-03273, 2024-03927|

[*1]Xinni Zhang, Plaintiff-Appellant,
v
Stephen Chu, et al., Defendants-Respondents, Yo-Yo Lin, Defendant. 

Brewer, Attorneys & Counselors, New York (Claiborne R. Hane of counsel), for appellant.
Vivek-Suri, New York, for Stephen Chu, respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 9, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Stephen Chu for summary judgment dismissing the complaint, and awarded judgment in this defendant's favor on his breach of contract counterclaim, unanimously affirmed, with costs.
Supplemental Order, same court and Justice, entered June 12, 2024, which awarded contractual attorneys' fees and costs to defendant Chu, and ordered the clerk to enter judgment in his favor in the amount of $105,098.25, unanimously reversed, on the law, without costs, the award vacated, and the matter remanded to the court for further proceedings on the amount of attorneys' fees and costs.
Supreme Court properly awarded judgment in defendant's favor on his breach of contract counterclaim. It is uncontested that a closing did not occur despite defendant's repeated efforts to do so. The original contract for the purchase and sale of the apartment did not make the designated closing date "time of the essence," therefore, either party was able to set a reasonable closing date after the initially scheduled closing date passed and to declare the newly scheduled date as "time of the essence" (see Matter of Madison Park Owner LLC v Schneiderman, 93 AD3d 555, 556 [1st Dept 2012]). A party's failure to perform on such date is then considered a default (id.). Here, defendant-seller's time-of-the-essence letter was sent approximately 45 days after the original on-or-about closing date and gave a "clear, distinct, and unequivocal" notice that time was of the essence (see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904 [2d Dept 2013], lv denied 22 NY3d 866 [2014]). Plaintiff-purchaser was given a reasonable time in which to close, providing an additional 30 days, in addition to the approximately 45 days that had already elapsed since the original closing window had expired (see e.g. REEC W. 11th St. LLC v 246 W. 11 St. Realty Corp., 162 AD3d 472, 472-473 [1st Dept 2018]; 2626 Bway LLC v Broadway Metro. Assoc., LP, 85 AD3d 456, 457 [1st Dept 2011]).
Plaintiff did not close on the time-of-the-essence closing date, instead informing defendant that she no longer wished to close, and demanding a return of the deposit. "[A] wrongful repudiation of the contract by one party . . . entitles the non-repudiating party to immediately claim damages for a total breach," and "relieves the non-repudiating party of its obligation of future performance" (American List. Corp. v U.S. News & World Report, 75 NY2d 38, 44 [1989]). Thus, once plaintiff repudiated the contract, defendant was relieved of his obligation of future performance.
However, the court should not have granted defendant's fee application in full without first allowing plaintiff to challenge the amount of the award (see e.g. Camarda v Charlot, 182 AD3d 532, 534 [2d Dept 2020]; Brinson v Brinson, 178 AD3d 1367, 1369 [4th Dept 2019]). An award [*2]of attorneys' fees must be reasonable and not excessive, and courts look at a number of factors in determining whether a fee is reasonable (see Matter of Freeman, 34 NY2d 1, 9 [1974]). Although an award of attorneys' fees is in the sound discretion of the motion court, here the court approved the total amount of the fee application without the benefit of opposition papers or an explanation of the court's analysis (see EVUNP Holdings LLC v Frydman, 154 AD3d 558, 559 [1st Dept 2017]). Thus, plaintiff was not afforded the opportunity to contest the reasonableness of the fee application (see e.g. Camarda, 182 AD3d at 534; Brinson, 178 AD3d at 1369). Accordingly, the award of attorneys' fees is vacated, and the matter is remanded so that plaintiff has the opportunity to respond and object to defendant's fee application. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025