In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MECCA ABDUL-QADIR, Respondent, v DWAYNE MYRICK, Appellant. [926 NYS2d 581]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffman, J.), dated October 21, 2010, as denied his objections to so much of an order of the same court (Fields, S.M.) dated May 21, 2010, as directed him to pay spousal support in the sum of $10 per week retroactive to May, 2007, and child support arrears in the sum of $54 per week from February 2008 through November 2008.

Ordered that the order dated October 21, 2010, is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated May 21, 2010, as directed him to pay spousal support in the sum of $10 per week and substituting therefor a provision sustaining that objection; as so modified, the order dated October 21, 2010, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contentions, the Support Magistrate's determination that he should pay child support arrears in the sum of $54 per week from February 2008 through November 2008 was properly based upon income imputed to him. Since the father confirmed that he lost his job as a home health aide in February 2008, but could not give a reason as to why his employment was terminated, the Support Magistrate providently exercised her discretion in determining that the loss of the father's earning ability was brought about by his own actions and thereupon imputing income to him based upon his past employment history (*see Matter of Austein-Gillman v Gillman*, 292 AD2d 524 [2002]).

We agree with the father that the Support Magistrate erred in directing him to pay $10 per week in spousal support. The Family Court has no jurisdiction to make such an award in the absence of a petition for such relief (*see* Family Ct Act § 422; *Matter of Papandrea v Pallan*, 56 AD3d 564 [2008]).

The father's remaining contentions are either not properly before this Court or unpreserved for appellate review. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.