In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Orange County (Bivona, J.), dated January 24, 2013, which, after a hearing, in effect, adjudged him to be in willful violation of his support obligations set forth in the parties’ judgment of divorce entered March 6, 2012, and committed him to the Orange County Jail for a term of 90 days.
Ordered that the appeal from so much of the order of commitment as committed the father to the Orange County Jail for a term of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Westchester County Commr. of Social Sews, u Perez, 71 AD3d 906, 907 [2010]); and it is further,
Ordered that the order of commitment is reversed insofar as reviewed, on the facts, without costs or disbursements, and the petition to adjudicate the father in willful violation of his support obligations set forth in the parties’ judgment of divorce entered March 6, 2012, is denied.
Although the father has completed his sentence, the appeal from so much of the order of commitment as, in effect, adjudged him to be in willful violation of his support obligation set forth in the parties’ judgment of divorce entered March 6, 2012, is not academic in light of the enduring consequences which might flow from the finding that he willfully violated his support obligation (see Matter of Bickwid v Deutsch, 87 NY2d 862 [1995]).
The Family Court erred when it, in effect, adjudicated the father in willful violation of his support obligations set forth in the parties’ judgment of divorce entered March 6, 2012. Proof of the failure to pay child support constitutes prima facie evidence of a willful violation, and shifts the burden to the obligor to come forward with competent, credible evidence of his or her inability to pay (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]).
Here, the mother established, prima facie, that the father owed approximately $147,000 in child support and maintenance, *630 and the burden then shifted to the father to come forward with competent, credible evidence that his failure to pay his support obligation was not willful (see Matter of Powers v Powers, 86 NY2d at 69). The father’s uncontroverted testimony demonstrated that he had been unemployed for at least two years, had repeatedly searched for employment, had no savings or appreciable assets, and relied upon his family and friends for support. “In the absence of proof of an ability to pay, an order of commitment for willful violation of a support order may not stand” (Matter of Grasso v LaRocca, 54 AD3d 760, 760 [2008]). Based upon the evidence in this record, the father met his burden of establishing his inability to meet his support obligations set forth in the parties’ judgment of divorce (see Matter of Ceballos v Castillo, 85 AD3d 1161, 1164 [2011]; Matter of Westchester County Commr. of Social Servs. v Perez, 71 AD3d at 907).
Accordingly, the order of commitment is reversed insofar as reviewed. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.