In the Matter of Susan Jaffie, Respondent, v Rodney E. Wickline, Appellant. [987 NYS2d 900]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Genchi, J.), dated December 13, 2012, which granted the mother's objections to an order of the same court (Lynaugh, S.M.) dated September 5, 2012, which, after a hearing, and upon findings of fact dated September 4, 2012, in effect, granted the mother's petition to enforce the child support provisions of the parties' stipulation of settlement dated May 15, 2006, which was incorporated but not merged into a judgment of divorce entered August 3, 2006, only to the extent of fixing the father's child support arrears in the sum of only $2,950, and granted his petition for a downward modification of his child support obligation, and a second order of the same court (Lynaugh, S.M.), also dated September 5, 2012, which directed the entry of a money judgment in favor of the mother and against him in the principal sum of only $2,950, and, upon granting the mother's objections, vacated the orders dated September 5, 2012, reinstated the child support provisions of the parties' judgment of divorce, and, in effect, granted the mother's petition to the extent of directing the entry of a money judgment in favor of the mother and against him in the principal sum of $8,950.

Ordered that the order dated December 13, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the mother's objection to so much of the first order dated September 5, 2012, as granted the father's petition for a downward modification of his child support obligation and vacating that portion of the first order dated September 5, 2012, and substituting therefor a provision denying that objection; as so modified, the order dated December 13, 2012, is affirmed, without costs or disbursements, and so much of the

first order dated September 5, 2012, as granted the father's petition for a downward modification of his child support obligation is reinstated.

In order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of showing a substantial and unanticipated change in circumstances since the time the parties executed their stipulation of settlement in 2006 (*see* Family Ct Act § 451 [2] [a]; L 2010, ch 182, § 13; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 934 [2013]; *Matter of Sabini v Sabini*, 105 AD3d 749 [2013]). "A parent seeking a downward modification based upon loss of employment must submit evidence demonstrating that the termination occurred through no fault of the parent and that the parent has diligently sought re-employment" (*Matter of Atabay v Cinar*, 96 AD3d 832, 833 [2012]; *see Matter of Belmonte v Dreher*, 77 AD3d 937, 937 [2010]).

Here, the father demonstrated that his loss of employment and obtainment of new employment at a lesser salary constituted a substantial and unanticipated change in circumstances, and that he made a good faith effort to obtain new employment which was commensurate with his qualifications and experience (*see Matter of Dimaio v Dimaio*, 111 AD3d at 934; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163 [2011]; *Matter of Getty v Getty*, 83 AD3d 835 [2011]). Thus, the Support Magistrate's determination was supported by the evidence. Accordingly, the mother's objection to so much of the Support Magistrate's first order dated September 5, 2012, as granted the father's petition for a downward modification of his child support obligation should have been denied by the Family Court.

In light of the circumstances of this case and the strong public policy against restitution or recoupment of support overpayments, the Family Court did not improvidently exercise its discretion in sustaining the mother's objection to the Support Magistrate's determination that the father was entitled to a credit against his child support arrears based on his prior voluntary overpayments (*see* Family Ct Act §§ 451 [1]; 460 [1]; *Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *Matter of Krowl v Nightingale*, 103 AD3d 726 [2013]; *Heiny v Heiny*, 74 AD3d 1284, 1288 [2010]; *Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467, 468 [2006]) and, thereupon, in effect, granting the mother's enforcement petition to the extent of directing the entry of a money judgment in favor of the mother and against him in the principal sum of $8,950.

The parties' remaining contentions are without merit. Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.