■ In the Matter of NATOYA MORGAN, Respondent, v GEORGE SPENCE, Appellant. [31 NYS3d 556]—

Appeals (1), by permission, from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated May 11, 2015, and (2) from an order of commitment of that court (Richard Hoffmann, J.), dated June 18, 2015. The order dated May 11, 2015, insofar as appealed from, in effect, (a) denied the father's objection to so much of an order of disposition of that court (Aletha V. Fields, S.M.), dated March 13, 2015, made after a hearing, as denied his petition for downward modification of his child support obligation, and (b) confirmed the finding of the Support Magistrate that the father willfully violated a prior order of child support. The order of commitment committed the father to the custody of the Suffolk County Correctional

Facility for a period of 60 days unless he paid the purge amount of $5,000. By decision and order on motion dated July 8, 2015, this Court granted the father's motion to stay enforcement of the order of commitment pending hearing and determination of these appeals.

Ordered that the order dated May 11, 2015, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father's objection to so much of the order of disposition dated March 13, 2015, as denied his petition for downward modification of his child support obligation is granted, so much of the order of disposition dated March 13, 2015, as denied the father's petition for a downward modification of his child support obligation is vacated, the mother's petition to adjudicate the father in willful violation of a child support order is denied, the order of commitment is vacated, and the matter is remitted to the Family Court, Suffolk County, for a hearing and determination of the amount of the father's reduced child support obligation; and it is further,

Ordered that the appeal from the order of commitment is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated May 11, 2015.

The mother and the father have two children together. In an order dated February 18, 2011, entered on consent, the father was directed to pay child support in the amount of $325 per week. In an order dated July 29, 2013 (hereinafter the support order), also entered on consent, that support obligation was continued and the father was directed to pay certain lump sums toward child support arrears. The mother thereafter filed a petition to adjudicate the father in willful violation of the order dated July 29, 2013, and the father filed a petition for downward modification of his support obligation.

After a hearing, the Support Magistrate issued an order of disposition, dated March 13, 2015, finding that the father had willfully violated the support order, and denying the father's modification petition. Upon the filing of objections, the Family Court, inter alia, in effect, denied the father's objection to so much of the order of disposition as denied his modification petition and confirmed the finding of a willful violation. The Family Court thereafter issued an order of commitment, committing the father to the custody of the Suffolk County Correctional Facility for a period of 60 days unless he paid the purge amount of $5,000. The order of commitment was stayed by order of this Court, pending hearing and determination of these appeals.

The Family Court erred in confirming the Support Magistrate's finding of a willful violation of the support order, and in issuing an order of commitment. The mother's undisputed evidence of the father's failure to pay child support as directed constituted prima facie evidence of a willful violation (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Yuen v Sindhwani*, 137 AD3d 1155 [2016]; *Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]; *Matter of Withers v Withers*, 79 AD3d 1138, 1139 [2010]). The burden then shifted to the father "to present competent, credible evidence of 'his . . . financial inability to comply' " (*Matter of Yuen v Sindhwani*, 137 AD3d at 1156, quoting Family Ct Act § 455 [5]; *see Matter of Powers*, 86 NY2d at 69-70; *Matter of Logue v Abell*, 97 AD3d at 583).

The father met that burden by demonstrating that he was laid off from his job, that he collected unemployment benefits until he was able to secure another job, though at drastically lower pay, and that he was receiving public assistance benefits. Further, "the record contain[ed] evidence of [the father's] active, but unsuccessful, pursuit of similar employment," including, his participation in vocational assistance programs (*Matter of Kainth v Kainth*, 36 AD3d 915, 916 [2007]). Under these circumstances, the record did not support the Support Magistrate's finding that the father willfully violated the support order (*see Matter of Lecei v Lecei*, 112 AD3d 629, 629-630 [2013]; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163-1164 [2011]; *Matter of Westchester County Commr. of Social Servs. v Perez*, 71 AD3d 906, 907 [2010]; *Matter of Brennan v Burger*, 63 AD3d 922, 922-923 [2009]; *Matter of Kainth v Kainth*, 36 AD3d at 916).

The Family Court also erred in denying the father's objection to so much of the order of disposition as denied his petition for downward modification of his support obligation. "To establish entitlement to a downward modification of a child support order entered on consent, a party has the burden of showing that there has been a substantial change in circumstances" (*Matter of Ceballos v Castillo*, 85 AD3d at 1162; *Matter of Kasun v Peluso*, 82 AD3d 769, 771 [2011]; *Matter of Jewett v Monfoletto*, 72 AD3d 688, 689 [2010]). Here, the father's evidence regarding his loss of employment and his unsuccessful efforts to obtain comparable employment demonstrated a substantial change of circumstances warranting downward modification of his support obligation (*Matter of Jaffie v Wickline*, 119 AD3d 578, 579 [2014]; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 934 [2013]; *Matter of Ceballos v Castillo*, 85 AD3d at 1162-1163;

*Matter of Getty v Getty*, 83 AD3d 835 [2011]). We therefore remit the matter to the Family Court, Suffolk County, for a hearing and determination of the amount of the father's reduced child support obligation. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.