■ In the Matter of JAMES W. HOLMES, Appellant, v MAURA HOLMES, Respondent. [32 NYS3d 658]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 22, 2015. The order denied the father's objections to an order of that court (Isabel E. Buse, S.M.) dated August 14, 2015, which, after a hearing, denied his petition for a downward modification of his child support obligation and a credit for child support overpayments.

Ordered that the order dated October 22, 2015, is modified, on the law and the facts, by deleting the provision thereof denying the father's objection to so much of the order dated August

14, 2015, as denied that branch of his petition which was for a downward modification of his child support obligation, and substituting therefor a provision granting that objection and vacating the provision in the order dated August 14, 2015, denying that branch of the father's petition which was for a downward modification of his child support obligation; as so modified, the order dated October 22, 2015, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing and determination of the amount of the father's reduced child support obligation.

Pursuant to a stipulation of settlement dated April 16, 2014, which was incorporated but not merged into the parties' judgment of divorce dated June 24, 2014, the father's monthly child support obligation for their two children was $1,833.70. On November 18, 2014, the father filed a petition seeking a downward modification of his child support obligation, alleging, as a substantial change in circumstances, that he had been laid off from his job due to restructuring of management, and that his sole source of income was his unemployment benefits while he looked for new employment. The father also alleged that he had made overpayments of child support, for which he sought a credit. Following a hearing, the Support Magistrate denied the petition. The Family Court denied the father's objections to the Support Magistrate's determination. The father appeals.

"[A] party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]; *see also* Family Ct Act § 451). A parent's loss of employment may constitute a substantial change in circumstances (*see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1162 [2011]). However, "[t]he proper amount of support to be paid . . . is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (*Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]; *see Matter of Baumgardner v Baumgardner*, 126 AD3d at 896-897; *Ashmore v Ashmore*, 114 AD3d 712, 713 [2014]; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]). "Thus, a parent seeking downward modification of a child support obligation must submit competent proof that 'the termination occurred through

no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity' " (*Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015], quoting *Matter of Riendeau v Riendeau*, 95 AD3d 891, 892 [2012]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d at 1162).

Here, at the hearing, the father established a substantial change in circumstances by demonstrating that his loss of employment was involuntary and through no fault of his own, and that he made diligent, good faith efforts to obtain new employment that was commensurate with his experience and qualifications (*see* Family Ct Act § 451 [3]; *Matter of Morgan v Spence*, 139 AD3d 859 [2016]; *Matter of Ceballos v Castillo*, 85 AD3d at 1163). Accordingly, the Support Magistrate's determination that he failed to establish entitlement to a downward modification of his child support obligation is not supported by the record, and the Family Court should have granted his objection to the denial of that branch of his petition which sought such relief.

However, the Family Court properly denied the father's objection to the Support Magistrate's denial of that branch of his petition which sought a credit for overpayments of child support in view of the strong public policy against restitution or recoupment of child support overpayments (*see Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *Smulczeski v Smulczeski*, 128 AD3d 670, 671 [2015]; *Matter of Jaffie v Wickline*, 119 AD3d 578, 579 [2014]).

We have not considered the father's contention that he should have been granted a downward modification of his maintenance obligation, as he did not seek such relief in his petition, and neither the August 14, 2015, order nor the October 22, 2015, order address such a claim. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.