In the Matter of Thomas B. Smith II, Appellant, v Keri Elizabeth McCarthy, Respondent. [38 NYS3d 588]—

Appeal by the father from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated August 14, 2015. The order denied the father's objection to an order of that court (Lisa M. Williams, S.M.), dated June 19, 2015, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated August 14, 2015, is reversed, on the law and the facts, without costs or disbursements, the father's objection is granted, the order dated June 19, 2015, is vacated, the petition is granted, and the matter is remitted to the Family Court, Nassau County, for a new hearing and determination of the amount of the father's reduced child support obligation.

The parties in this proceeding are the parents of a four-year-old boy (hereinafter the subject child), who resides in New York with his mother. The father resides in Pennsylvania with his four other children from his marriage to another woman. In an order dated October 21, 2013, the Family Court directed the father to pay support in the sum of $1,406 per month for the subject child. In March 2015, the father filed a petition seeking a downward modification of his support obligation for the subject child alleging, as a substantial change in circumstances, that his income had been reduced due to a loss of employment.

At the hearing on his modification petition, the father presented documentary evidence which showed that on March 18, 2013, he was laid off from his employment with Talon Air, where he had worked in the field of aviation electronics. Although in August of 2013 the father accepted a job in his field in New Castle, Delaware, he left that position shortly afterward because it was several hours away from his home in Pennsylvania, and his wife, who had commenced a divorce proceeding, refused to relocate to Delaware with their four

children. An October 31, 2013, order in the Pennsylvania divorce proceeding found that the father had made a diligent effort to obtain employment in the aviation electronics field, but there was no such work available locally. An email from an aviation recruitment company working with the father also stated that there were no aviation maintenance opportunities available for him within a 100-mile radius of his Pennsylvania residence. The father subsequently found employment in Pennsylvania as a correctional officer earning approximately $31,500 to $35,000 per year, which was substantially less than his salary at Talon Air. In June 2014, he obtained full custody of the four children of his marriage.

In an order dated June 19, 2015, issued at the conclusion of the hearing, the Support Magistrate denied the father's modification petition, finding that he voluntarily left his Delaware employment. The father filed an objection to the order, contending that he was compelled to leave the Delaware job to obtain custody of his four other children, and that he had diligently sought re-employment in Pennsylvania. The Family Court denied his objection, and the father appeals.

A parent seeking to modify an order of child support must show a substantial change in circumstances warranting the modification (see Family Ct Act § 451 [3] [a]; Matter of Holmes v Holmes, 140 AD3d 1066, 1067 [2016]; Matter of Lagani v Li, 131 AD3d 1246, 1247 [2015]). A loss of employment may constitute a substantial change in circumstances (see Matter of Rubenstein v Rubenstein, 114 AD3d 798 [2014]; Matter of Dimaio v Dimaio, 111 AD3d 933, 934 [2013]; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]). However, the proper amount of support is determined "not by the parent's current economic situation, but by the parent's assets and earning capacity" (Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998-999 [2007]; see Matter of Holmes v Holmes, 140 AD3d at 1067; Ashmore v Ashmore, 114 AD3d 712, 713 [2014]). "Thus, a parent seeking downward modification of a child support obligation must submit competent proof that 'the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity' " (Matter of Rolko v Intini, 128 AD3d 705, 706 [2015], quoting Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; see Matter of Holmes v Holmes, 140 AD3d at 1067-1068).

Here, the evidence presented at the hearing demonstrated that the father lost his employment at Talon Air through no fault of his own, and that he made diligent good faith efforts to

obtain new employment in the field of aviation electronics before accepting a position as a correctional officer. Further, under the circumstances of this case, the father's decision to leave his subsequent employment in Delaware does not preclude a finding that he diligently sought employment in his field (*see Jelfo v Jelfo*, 81 AD3d 1255, 1257 [2011]; *Simmons v Simmons*, 11 Misc 3d 1055[A], 2004 NY Slip Op 51898[U] [Sup Ct, Allegany County 2004], *affd* 26 AD3d 883 [2006]; *Szalapski v Schwartz*, 35 Misc 3d 1219[A], 2012 NY Slip Op 52510[U] [Sup Ct, Monroe County 2011]). The evidence further demonstrated that the father left his Delaware employment because his former wife refused to relocate with their four children to that state, and his employment in Delaware would have prevented him from exercising parenting time with the children while seeking custody of them in the Pennsylvania divorce proceeding. The father's evidence regarding his loss of employment, his unsuccessful efforts to obtain comparable employment, and his obtainment of new employment at a lesser salary, demonstrated a substantial change of circumstances warranting downward modification of his support obligation (*see Matter of Holmes v Holmes*, 140 AD3d at 1068; *Matter of Morgan v Spence*, 139 AD3d 859, 861 [2016]; *Matter of Jaffie v Wickline*, 119 AD3d 578, 579 [2014]; *Matter of McAndrew v McAndrew*, 84 AD3d 1381, 1382 [2011]).

Accordingly, the Family Court should have granted the father's objection to the order of the Support Magistrate, and granted the petition for a downward modification. We remit the matter to the Family Court, Nassau County, for a hearing and determination thereafter of the amount of the father's reduced child support obligation. Eng, P.J., Leventhal, Maltese and Connolly, JJ., concur.