■ In the Matter of KARA NICOLE WATSON, Respondent, v OTHNIEL EVANS MARAGH, Appellant. [46 NYS3d 192]—

Appeal by the father from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated October 8, 2015. The order denied the father's objections to an order of that court (Carol Ann Jordan, S.M.) entered June 12, 2015, which, after a hearing, directed him to pay child support to the mother.

Ordered that the order dated October 8, 2015, is affirmed, without costs or disbursements.

The father and the mother, who were never married, are the parents of two children, born in May 2010 and October 2012. On July 22, 2014, the mother filed a petition for child support. Following a hearing, the Support Magistrate determined that the father was required to pay $481 in child support on a biweekly basis. The father filed objections to the Support Magistrate's order entered June 12, 2015, and those objections were denied by the Family Court in an order dated October 8, 2015. The father appeals.

"The 'custodial parent' within the meaning of the Child Support Standards Act is the parent who has physical custody of the child for the majority of the time" (*Matter of Conway v Gartmond*, 144 AD3d 795, 796 [2016]; *see Bast v Rossoff*, 91 NY2d 723, 728 [1998]; *Matter of Mitchell v Mitchell*, 134 AD3d 1213, 1214 [2015]; *Matter of Ambrose v Felice*, 45 AD3d 581,

582 [2007]). Here, the Support Magistrate correctly determined that the mother was the custodial parent for child support purposes, as she had physical custody of the parties' children for a majority of the time (*see Matter of Ambrose v Felice*, 45 AD3d at 582).

"Trial courts are afforded considerable discretion in determining whether to impute income to a parent" (*Rosenberg v Rosenberg*, 44 AD3d 1022, 1025 [2007]). A court may impute income based on the parent's "employment history, future earning capacity, educational background, or money received from friends and relatives" (*Matter of Rohme v Burns*, 79 AD3d 756, 757 [2010]; *see Matter of Recco v Turbak*, 124 AD3d 900, 901 [2015]). Contrary to the father's contention that the Support Magistrate improperly calculated the amount of imputed income, the Support Magistrate providently exercised her discretion in determining the amount of income to impute to the mother based upon her past employment history (*see Matter of Suffolk County Dept. of Social Servs. v Myrick*, 85 AD3d 1041 [2011]; *Matter of Azrak v Azrak*, 60 AD3d 937, 938 [2009]; *Fruchter v Fruchter*, 29 AD3d 942, 943 [2006]).

The father's remaining contentions are without merit. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.