■ In the Matter of LAWRENCE C., Respondent, v ANTHEA P., Appellant. [50 NYS3d 344]—

Order, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about August 25, 2014, which granted

petitioner father's petition for modification of custody, to the extent of awarding the father primary residential custody of the parties' children, with parenting time to respondent mother, and awarding the father final decision-making authority in all areas of the children's life, except religion, unanimously affirmed, without costs, as to the child Maria, and the appeal therefrom, as to the child Theo, unanimously dismissed, without costs, as moot.

The Family Court's determination was based upon an assessment of the parties' credibility, and has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). The totality of the circumstances supports the determination that a change in custody to the extent indicated is in the children's best interest (id. at 172, 174). As the court found, the children were not thriving in the mother's home or in their former school. The mother also made unilateral decisions regarding the children without informing the father (see Matter of Mildred S.G. v Mark G., 62 AD3d 460, 461 [1st Dept 2009]). Although some concerns were validly raised by Dr. Cohen regarding how the father's negativity toward the mother is impacting the children's perception of her, the father provided a more nurturing home environment, where the children's educational, emotional and social needs were better met (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]).

To the extent the mother argues that it was error to permit the children's treating psychologist to testify as to confidential matters about the children in the absence of a knowing waiver from the children (see CPLR 4508 [a] [1]), the error was harmless (see Matter of Rutland v O'Brien, 143 AD3d 1060, 1063 [3d Dept 2016]).

The appeal from the order as it pertains to the male child has been rendered moot by the mother's subsequent consent to the father having custody of that child. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.