Appeal by the mother from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated May 31, 2016. The order denied the mother’s objections to so much of an order of the same court (Jeanne M. Patsalos, S.M.), dated January 29, 2016, as, inter alia, after a hearing, granted the father’s petition for a downward modification of his child support obligation. The notice of appeal from the order dated January 29, 2016, is deemed to be a notice of appeal from the order dated May 31, 2016 (see CPLR 5512 [a]).
 

 Ordered that the order dated May 31, 2016, is reversed, on the law, with costs, the mother’s objections are granted, the order dated January 29, 2016, is vacated, and the father’s petition for a downward modification of his child support obligation is denied.
 

 The mother and the father are the unmarried parents of one child. In October 2011, the Family Court entered a default order of child support against the father in the amount of $235 per week. In 2015, the father filed a petition for a downward modification of his child support obligation. The father alleged that a change of circumstances had occurred warranting modification; specifically, a loss of employment and insufficient income. After a hearing, by order dated January 29, 2016, the Support Magistrate granted the petition and directed that the father pay child support in the biweekly amount of $164. The mother filed objections to that order, which were denied by order dated May 31, 2016. The mother appeals.
 

 “A parent’s loss of employment may constitute a substantial change in circumstances” (Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798 [2014]; see Matter of Smith v McCarthy, 143 AD3d 726, 727 [2016]). However, the proper amount of support is determined “not by the parent’s current economic situation, but by the parent’s assets and earning capacity” (Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998-999 [2007]; see Matter of Smith v McCarthy, 143 AD3d at 727). Thus, “[a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience” (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Smith v McCarthy, 143 AD3d at 727; Matter of Muselevichus v Muselevichus, 40 AD3d at 998; see also Family Ct Act § 451 [3] [b] [ii]).
 

 Here, the Support Magistrate’s determination that the father met his burden of proof on the petition is not supported by the record. First, the father failed to meet his burden of demonstrating that his employment was terminated through no fault of his own. Rather, the record established that the father caused his own loss of employment by failing to meet his child support obligation, which resulted in his incarceration, for a period of more than six months (see Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; see also Matter of Gillison v Gillison, 127 AD3d 1082 [2015]; Matter of Gillison v Gillison, 122 AD3d 926 [2014]). Second, although the record demonstrated the father’s unsuccessful attempt to get re-hired with the same employer upon his release from jail, the father failed to sufficiently prove that he made other efforts to procure equivalent full-time employment. Particularly in light of the father’s admission during the hearing that he previously earned a much more substantial income than that reflected in the W-2 forms he presented at the hearing, it cannot be said that these efforts demonstrated that the father diligently sought to obtain employment commensurate with his earning capacity (see Matter of Ealy v Levy-Hill, 140 AD3d 1164, 1165 [2016]; Matter of Fantau v Fantau, 134 AD3d 1109, 1110 [2015]; cf. Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]).
 

 Accordingly, the Family Court should have granted the mother’s objections to the order dated January 29, 2016, and should have denied the father’s petition for a downward modification of his child support obligation.
 

 Austin, J.P., Roman, Sgroi and Brathwaite Nelson, JJ., concur.