Matter of Merritt v Merritt (2018 NY Slip Op 02628)





Matter of Merritt v Merritt


2018 NY Slip Op 02628


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-00709
 (Docket No. F-10750-14)

[*1]In the Matter of Giovanna Merritt, respondent, 
v
Mark Merritt, appellant.


Jeffrey P. Rogan, Croton-on Hudson, NY, for appellant.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated December 13, 2016. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Esther Furman, S.M.) entered September 23, 2016, as denied his petition for a downward modification of his child support obligation, granted the mother's violation petition, found that the father willfully violated a prior order of child support, and directed the entry of a money judgment in favor of the mother and against him in the sum of $17,215.
ORDERED that the order dated December 13, 2016, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father's objections are granted, so much of the order entered September 23, 2016, as denied the father's petition for a downward modification of his child support obligation, granted the mother's violation petition and confirmed the Support Magistrate's finding that the father willfully violated a prior order of child support, and directed the entry of a money judgment in favor of the mother and against the father in the sum of $17,215 is vacated, and the matter is remitted to the Family Court, Westchester County, for a hearing and determination of the amount of the father's reduced child support obligation.
The mother and the father were married and have three children together. The parties were divorced in 2010. Pursuant to the judgment of divorce and the stipulation of settlement that was incorporated but not merged into the judgment, the father was ordered to pay child support in the sum of $3,272 per month, and $2,000 per month in maintenance for a period of 60 months. The judgment further provided that child support was to be recalculated each year based upon the father's W-2 from the prior year, and that it would be recalculated after the maintenance obligation [*2]terminated. Moreover, the father's entire income would be considered in calculating child support. In 2014, the mother filed a petition to modify the judgment to increase the amount of child support. In an order dated December 23, 2014, entered on consent, the father was directed to pay child support in the sum of $4,593 per month, and the parties agreed to cap the child support percentage on $200,000 of the father's base salary, with additional amounts to be paid to the mother based on the father's annual bonus, if any, up to $155,000 of bonus income.
In April 2015, the father became unemployed, and on December 10, 2015, he filed a petition for a downward modification, alleging a substantial change in circumstances based on his unemployment. On April 13, 2016, the mother filed a violation petition, contending that the father paid only $1,150 in child support for the month of April 2016. On May 6, 2016, the mother filed a separate petition for an upward modification of child support. In an order entered September 23, 2016, after a hearing, the Support Magistrate denied the father's petition for a downward modification and the mother's petition for an upward modification, granted the mother's violation petition and found the father in willful violation of the order dated December 23, 2014, and directed the entry of a money judgment against the father in the sum of $17,215. The father filed objections to the Support Magistrate's order and, by order dated December 13, 2016, the Family Court denied the objections. The father appeals from the order dated December 13, 2016.
The mother's undisputed evidence of the father's failure to pay the total amount of child support as ordered constituted prima facie evidence of a willful violation (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Morgan v Spence, 139 AD3d 859, 861; Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156; Matter of McMinn v Taylor, 118 AD3d 887, 888). The burden then shifted to the father to present competent, credible evidence of his financial inability to comply (see Family Ct Act § 455[5]; Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Morgan v Spence, 139 AD3d at 861; Matter of Yuen v Sindhwani, 137 AD3d at 1156; Matter of Logue v Abell, 97 AD3d 582, 583). The father met that burden by demonstrating that he was laid off from his employment in April 2015, and that he collected unemployment benefits. Further, the record contained evidence of the father's active, but unsuccessful, pursuit of employment (see Matter of Morgan v Spence, 139 AD3d at 861; Matter of Kainth v Kainth, 36 AD3d 915, 916). Although the father did consulting work, this work was sporadic, and his income for 2016 as of the date of the hearing was drastically reduced from his earnings in 2015. The record further showed that the father paid the full amount of child support owed through March 2016 from his savings and from the bonus he received in April 2015 for work performed in 2014, as well as from the money he received after he cashed in his profit sharing plan. Thereafter, beginning in April 2016, the father paid child support in a reduced amount, which was approximately 29% of the income he earned from his consulting work. There was no evidence that the father had any other assets with which to further meet his obligations. Under these circumstances, the Family Court should have granted the father's objection to so much of the Support Magistrate's order as granted the mother's violation petition and found him to be in willful violation of the order dated December 23, 2014 (see Matter of Morgan v Spence, 139 AD3d at 861; Matter of Lecei v Lecei, 112 AD3d 629, 630; Matter of Ceballos v Castillo, 85 AD3d 1161, 1164).
The Family Court also should have granted the father's objection to so much of the Support Magistrate's order as denied the father's petition for a downward modification of his child support obligation. "To establish entitlement to a downward modification of a child support order entered on consent, a party has the burden of showing that there has been a substantial change in circumstances" (Matter of Ceballos v Castillo, 85 AD3d at 1162; see Matter of Holmes v Holmes, [*3]140 AD3d 1066, 1067; Matter of Morgan v Spence, 139 AD3d at 861). Here, the father's evidence established that the termination of employment occurred through no fault of his own and that he diligently sought re-employment commensurate with his earning capacity (see Matter of Holmes v Holmes, 140 AD3d at 1067-1068; Matter of Rolko v Intini, 128 AD3d 705, 706; Matter of Riendeau v Riendeau, 95 AD3d 891, 892). Such evidence was sufficient to demonstrate a substantial change of circumstances warranting downward modification of his child support obligation (see Matter of Goehringer v Vozza-Nicolosi, 139 AD3d 949, 949; Matter of Morgan v Spence, 139 AD3d at 861; Matter of Ceballos v Castillo, 85 AD3d at 1163). Therefore, we remit the matter to the Family Court, Westchester County, for a hearing and determination of the amount of the father's reduced child support obligation.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court