Matter of Poulos v Chachere (2018 NY Slip Op 05172)





Matter of Poulos v Chachere


2018 NY Slip Op 05172


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-10564
 (Docket No. F-16178-14/16D)

[*1]In the Matter of Anthe Poulos, respondent, 
v
Lawrence Chachere, appellant.


Lawrence Chachere, New York, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated September 5, 2017. The order denied the father's objections to an order of the same court (Katerina Contaratos, S.M.) dated July 20, 2017, which, after a hearing and upon findings of fact dated July 19, 2017, granted the mother's petition for a downward modification of her child support obligation.
ORDERED that the order dated September 5, 2017, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of twins. The father is the custodial parent (see Matter of Lawrence C. v Anthea P., 148 AD3d 598; Matter of Lawrence C. v Anthea P., 79 AD3d 577). Pursuant to an order of support dated January 4, 2016, the mother was directed to pay the father $386.07 per week in child support. The amount of the mother's child support obligation, determined after a hearing, was based upon income imputed to her in the amount of $80,000 annually, which was her salary prior to the termination of her employment in 2009. The Support Magistrate found that the mother had not made good faith efforts during the pendency of the proceedings to find employment since having been terminated from her employment in 2009. Thereafter, the mother filed a petition dated May 25, 2016, for a downward modification of her child support obligation on the ground that her income had decreased. Following a hearing, the Support Magistrate found that a substantial change in circumstances had occurred in that the mother had become employed earning $410 per week and had been making diligent efforts to find employment commensurate with her experience and prior salary. In an order dated July 20, 2017, the Support Magistrate granted the mother's petition and directed that the mother was responsible for paying $240.26 per week in child support. The father filed objections to the order, and in an order dated September 5, 2017, the Family Court denied the father's objections. The father appeals.
" A party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification'" (Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1033, quoting Matter of Rolko v Intini, 128 AD3d 705, 706). " A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure [*2]employment commensurate with his or her education, ability, and experience'" (Matter of Gillison v Penepent, 156 AD3d 697, 698, quoting Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798; see Matter of Binong Xu v Sullivan, 155 AD3d at 1033). "On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (Matter of Hackett v Hackett, 154 AD3d 751, 752 [internal quotation marks omitted]; see Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745).
Here, contrary to the father's contention, the record supports the Support Magistrate's determination that the mother established a substantial change in circumstances warranting a downward modification of her child support obligation. The mother demonstrated that in January 2009, she was terminated, through no fault of her own, from her position in banking software sales, in which she earned a salary of $80,000. The mother further demonstrated that subsequent to the entry of the January 4, 2016, order of support, she made diligent efforts to obtain new employment commensurate with her experience and prior salary, but was only able to obtain a position earning approximately $410 per week, which would yield approximately $22,000 per year (see Matter of Smith v McCarthy, 143 AD3d 726, 727-728; Matter of Holmes v Holmes, 140 AD3d 1066, 1068). The mother, who had been unemployed for seven years, testified to numerous unsuccessful efforts to find a job with a salary commensurate with her prior employment, and that she was continuing to seek employment with a comparable salary while working approximately 40 hours per week (see Matter of Holmes v Holmes, 140 AD3d at 1068).
"A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent" (Matter of Kameneva v Hughes, 138 AD3d 854, 855 [internal quotation marks omitted]; see Matter of Julianska v Majewski, 78 AD3d 1182, 1183). Here, contrary to the father's contention, the amount of additional income the Support Magistrate imputed to the mother accurately reflects the amount of financial assistance the mother receives from her mother, as was proven at the hearing (see Family Ct Act § 413[1][b][5][iv][D]; Matter of Recco v Turbak, 124 AD3d 900, 901). Contrary to the father's contention, the Support Magistrate's decision to impute additional income of only $30,485.72 annually to the mother, based upon the financial assistance provided to her by her mother, is supported by the record and should not be disturbed (see Matter of Decillis v Decillis, 152 AD3d 512, 513).
Accordingly, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order dated July 20, 2017, granting the mother's petition for a downward modification of her child support obligation.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court