Pathak v Shukla (2018 NY Slip Op 05776)





Pathak v Shukla


2018 NY Slip Op 05776


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-12659
2016-04467
 (Index No. 203102/07)

[*1]Sonal Pathak, respondent, 
v
Janak Shukla, appellant.


Janak Shukla, Syosset, NY, appellant pro se.
DiMascio & Associates, LLP, Garden City, NY (John P. DiMascio, Jr., and Lisa J. Silverman of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), entered December 11, 2015, and (2) an order of the same court (Hope Schwartz Zimmerman, J.), entered April 12, 2016. The order entered December 11, 2015, insofar as appealed from, denied the defendant's motion for a downward modification of his child support obligation. The order entered April 12, 2016, inter alia, granted the plaintiff's motion to confirm a referee's report, made after a hearing, inter alia, finding that the defendant willfully violated provisions of the parties' stipulation of settlement and judgment of divorce, and held the defendant in contempt.
ORDERED that the order entered December 11, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered April 12, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff and the defendant were married and have two children. The plaintiff commenced this action for a divorce and ancillary relief, and on December 10, 2009, the parties entered into a stipulation of settlement in which they resolved many of the issues related to the divorce, including the defendant's child support obligation and his obligation to pay the plaintiff $40,000 for her interest in property located in India that the parties jointly owned. The Supreme Court subsequently resolved outstanding issues in a decision after trial, including equitable distribution based upon the defendant's waste of marital assets and an award of attorney's fees to the plaintiff, and issued a judgment of divorce dated November 14, 2011, which incorporated, but did not merge, the stipulation. The judgment of divorce required the defendant to pay $1,399.57 per month in child support, as the parties had agreed in their stipulation, as well as child support arrears, attorney's fees, and an equitable distribution award.
The defendant never paid the $40,000, the equitable distribution award related to waste, child support arrears, or the award of attorney's fees. The plaintiff moved, inter alia, to hold the defendant in contempt for his willful failure to comply with the terms of the stipulation and [*2]judgment of divorce. The defendant moved for a downward modification of his child support obligation. In an order entered December 11, 2015, the Supreme Court denied the defendant's motion for a downward modification of his child support obligation. In an order entered April 12, 2016, the court granted the plaintiff's motion to confirm a referee's report, made after a hearing, inter alia, finding that the defendant willfully failed to pay the monies he was required to pay by the stipulation and judgment of divorce, held him in contempt, and directed him to pay an additional award of attorney's fees and transcription costs. The defendant appeals from those orders.
We agree with the Supreme Court's determination to deny the defendant's motion for a downward modification of his child support obligation. "A parent's loss of employment may constitute a substantial change in circumstances" (Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798; see Matter of Gillison v Penepent, 156 AD3d 697, 698; Matter of Smith v McCarthy, 143 AD3d 726, 727). However, the proper amount of support is determined " not by the parent's current economic situation, but by the parent's assets and earning capacity'" (Matter of Gillison v Penepent, 156 AD3d at 698, quoting Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998-999; see Matter of Smith v McCarthy, 143 AD3d at 727). Thus, "[a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Smith v McCarthy, 143 AD3d at 727; Matter of Muselevichus v Muselevichus, 40 AD3d at 998; see also Family Ct Act § 451[3][b][ii]). Here, the defendant failed to meet his burden of demonstrating that his employment was terminated through no fault of his own. He also failed to produce adequate evidence of his job search and to sufficiently prove that he made other efforts to procure equivalent full-time employment.
" The report of a Referee should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility'" (Capili v Ilagan, 26 AD3d 354, 354, quoting Stone v Stone, 229 AD2d 388, 388; see Pittoni v Boland, 278 AD2d 396; Slater v Links at N. Hills, 262 AD2d 299). Here, the referee's determination that the defendant willfully failed to comply with the terms of the stipulation and judgment of divorce was substantially supported by the record. In addition, the record also supported the referee's determination that the plaintiff was entitled to an additional award of attorney's fees and transcription costs from the defendant. Accordingly, we agree with the Supreme Court's determination to confirm the referee's report and to hold the defendant in contempt.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court