Matter of Parmenter v Nash (2018 NY Slip Op 07553)





Matter of Parmenter v Nash


2018 NY Slip Op 07553


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


898 CAF 18-00514

[*1]IN THE MATTER OF TYMOTHY M. PARMENTER, PETITIONER-APPELLANT,
v
JULIE E. NASH, RESPONDENT-RESPONDENT. 






LEGAL AID SOCIETY OF MID-NEW YORK, INC., SYRACUSE (JOSEPH V. MASLAK OF COUNSEL), FOR PETITIONER-APPELLANT.
ROBERT P. COLEMAN, III, WASHINGTON, D.C., FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 1, 2017 in a proceeding pursuant to Family Court Act article 4. The order denied the objection of petitioner to the order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the objection is granted, the petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: From 2013 to 2015, the parties resided together with their son in northern Virginia. In 2015, respondent mother relocated with the child to central New York. Approximately six months later, petitioner father quit his job in Virginia and moved to New York in order to be closer to the child. The father thereafter petitioned to downwardly modify his child support obligation on the ground that his new job in Onondaga County was less remunerative than his old job in Virginia. The Support Magistrate dismissed the petition, holding that, although the father had made good faith efforts to obtain more lucrative employment in New York, he had not demonstrated the requisite change in circumstances to warrant such a modification because he had voluntarily left his higher-paying job in Virginia. Family Court subsequently denied the father's objection to the Support Magistrate's order. The father now appeals, and we reverse.
"It is well settled that a loss of employment may constitute a change in circumstances justifying a downward modification of [child support] obligations where [such loss] occurred through no fault of the [party seeking modification] and the [party] has diligently sought re-employment" (Jelfo v Jelfo, 81 AD3d 1255, 1257 [4th Dept 2011] [internal quotation marks omitted]). As a general rule, a parent who voluntarily quits a job will not be deemed without fault in losing such employment (see Matter of Lindsay v Lindsay-Lewis, 156 AD3d 642, 643 [2d Dept 2017]; Matter of Vasquez v Powell, 111 AD3d 754, 754 [2d Dept 2013]; Matter of Rosalind EE. v William EE., 4 AD3d 629, 630 [3d Dept 2004], lv denied 3 NY3d 606 [2004]; Matter of Ludwig v Reyome, 195 AD2d 1020, 1020 [4th Dept 1993]). Nevertheless, that general rule should not be inflexibly applied where a parent quits a job for a sufficiently compelling reason, such as the need to live closer to a child (see Matter of Dupree v Dupree, 62 NY2d 1009, 1010-1012 [1984]; Matter of Smith v McCarthy, 143 AD3d 726, 727-728 [2d Dept 2016]; see also Spencer v Spencer, 298 AD2d 680, 680-681 [3d Dept 2002]). As one court has explained, a "parent who chooses to leave his [or her] employment rather than [live] hundreds of miles away from his [or her] children is not voluntarily unemployed or underemployed. Instead, he [or she] is a loving parent attempting to do the right thing for his [or her] children. To punish such a parent by requiring higher child support . . . is neither good law nor good policy" (Abouhalkah v Sharps, 795 NE2d 488, 492 [Ind Ct App 2003]).
Here, it is undisputed that the father quit his job in Virginia and relocated to Onondaga [*2]County in order to rehabilitate his relationship with his son, which had suffered since the child was moved to New York. The equities weigh heavily in favor of the father here given that it was the mother who moved the child hundreds of miles away from the father and thereby created the difficulties inherent in long-distance parenting. Thus, under these circumstances, we conclude that the father demonstrated the requisite change in circumstances necessary to reexamine his child support obligation (see Smith, 143 AD3d at 727-728). We therefore reverse the order, grant the objection, reinstate the petition, and remit the matter to Family Court to determine the appropriate amount of child support, after a further hearing if necessary (see Matter of Brink v Brink, 147 AD3d 1443, 1445 [4th Dept 2017]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court