Muldowney-Walsh v Desroches (2018 NY Slip Op 08942)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Muldowney-Walsh v Desroches

2018 NY Slip Op 08942

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-08833
2016-11589
(Index No. 201268/11)

[*1]Kathryn Muldowney-Walsh, respondent, 
vDonald Desroches, appellant.

Donald Desroches, Wantagh, NY, appellant pro se.
Kathryn Muldowney-Walsh, Wantagh, NY, respondent pro se.

DECISION & ORDER
In a matrimonial action, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), dated July 12, 2016, and (2) an amended order of the same court dated October 4, 2016. The amended order, insofar as appealed from, granted that branch of the defendant's motion which was for downward modification of his child support obligation only to the extent of reducing the obligation to $362 bi-weekly, and directed the defendant to reimburse the plaintiff for 39% of the difference between the cost of individual health insurance coverage and family health insurance coverage.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the amended order; and it is further,
ORDERED that the amended order is modified, on the law, by deleting the provision thereof directing the defendant to reimburse the plaintiff for 39% of the difference between the cost of individual health insurance coverage and family health insurance coverage; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2006 and have one child, born in 2007. A judgment of divorce was entered on October 2, 2012. In March 2016, the defendant moved for a downward modification of his child support obligation. After a hearing, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for a downward modification of his child support obligation only to the extent of reducing his obligation to $362 bi-weekly. The court also directed the defendant to reimburse the plaintiff for 39% of the difference between the cost of individual health insurance coverage and family health insurance coverage. The defendant appeals.
The court may modify an order of child support, inter alia, upon a showing of a substantial change in circumstances (see Domestic Relations Law § 236[B][9][b][2][i]; Matter of Holmes v Holmes, 140 AD3d 1066, 1067). A parent's loss of income may constitute a substantial change in circumstances. A parent's obligation to provide support is not necessarily determined by his or her current financial condition, rather, it is determined by his or her ability to provide support (see Matter of Holmes v Holmes, 140 AD3d at 1067; Matter of Baumgardner v Baumgardner, 126 AD3d 895, 897; Matter of Levine-Seidman v Seidman, 88 AD3d 883, 884). In determining a [*2]parent's child support obligation, the court need not rely upon the parent's own account of his or her finances, but may impute income, inter alia, based upon the parent's past income or demonstrated earning potential (see Matter of Watson v Maragh, 147 AD3d 769, 770; Duffy v Duffy, 84 AD3d 1151, 1151-1152; Rosenberg v Rosenberg, 44 AD3d 1022, 1025). The court has considerable discretion in determining whether to impute income to a parent, however, such determination must be supported by the record (see Matter of Gravenese v Marchese, 57 AD3d 992, 993; Matter of Ambrose v Felice, 45 AD3d 581, 582).
Here, the Supreme Court imputed income to the defendant based upon his earning history and its finding that the defendant understated income from two businesses. The court's determination is supported by the record and, under the circumstances presented, was a provident exercise of discretion (see Matter of Watson v Maragh, 147 AD3d at 770; Bauman v Bauman, 132 AD3d 791, 793; Sotnik v Zavilyansky, 101 AD3d 1102, 1104). Moreover, the defendant's pro rata share of the basic child support obligation as calculated by the court was not unjust or inappropriate (see Domestic Relations Law § 240[1-b][f]; Bast v Rossoff, 91 NY2d 723, 729). Accordingly, the defendant's contention that the court erred in granting that branch of his motion only to the extent of reducing his child support obligation to $362 bi-weekly is without merit.
However, we disagree with the Supreme Court's determination directing the defendant to reimburse the plaintiff for 39% of the difference between the cost of individual health insurance coverage and family health insurance coverage. Although the decision underlying the judgment of divorce set forth that if and when the only family members covered under the plaintiff's health insurance were herself and the parties' child, the plaintiff could make an application to have the defendant contribute to any added expense of family coverage, the plaintiff never moved for such relief. Nor did she establish that, at the time of the hearing, she and the parties' child were the only family members covered under her health insurance plan.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court