Tsang v Yiming Zhu (2025 NY Slip Op 01403)

Tsang v Yiming Zhu

2025 NY Slip Op 01403

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-07512 
2023-07513
 (Index No. 720373/21)

[*1]Takki Tsang, respondent, 
v
Yiming Zhu, appellant.

Yiming Zhu, Flushing, NY, appellant pro se.
Takki Tsang, Bayside, NY, respondent pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) findings of fact and conclusions of law of the Supreme Court, Queens County (Nicole L. Bruszewski, Ct. Atty. Ref.), entered June 21, 2023, and (2) stated portions of a judgment of divorce of the same court, also entered June 21, 2023. The judgment of divorce, inter alia, set forth a parental access schedule in accordance with the parties' stipulation of settlement dated February 11, 2022, which was incorporated but not merged into the judgment of divorce, and directed the defendant to pay child support in the sum of $1,560 per month directly to the plaintiff for child support.
ORDERED that the appeal from the findings of fact and conclusions of law is dismissed, as no appeal lies therefrom (see DiFiore v DiFiore, 87 AD3d 971, 972); and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married in 2018 and have one child together, born in 2019. In September 2021, the plaintiff commenced this action for a divorce and ancillary relief. In February 2022, the parties entered into a written stipulation of settlement. In a judgment of divorce entered June 21, 2023, which incorporated but did not merge the stipulation of settlement, the Supreme Court, inter alia, awarded joint legal custody of the child to the parties, set forth a detailed parental access schedule providing the defendant with overnight parental access two times per week and seven hours of parental access on Sundays, and directed the defendant to pay the sum of $1,560 per month in child support directly to the plaintiff. The defendant appeals from stated portions of the judgment of divorce.
"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation. Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (Kosnac v Kosnac, 60 AD3d 636, 637 [citations omitted]; see Del Vecchio v Del Vecchio, 219 AD3d 572, 575). Where a stipulation of settlement is silent as to certain issues, it cannot be read as expressing an intent of the parties to [*2]include such issues (see Kazel v Kazel, 3 NY3d 331, 334-335; DeEttore v DeEttore, 100 AD3d 679, 680). "Where the parties have included child support provisions in the agreement, it is presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child" (Battinelli v Battinelli, 192 AD3d 957, 959 [internal quotation marks omitted]).
Here, the stipulation of settlement expressly addressed joint legal custody but was silent as to physical custody of the child. Contrary to the defendant's contention, the plaintiff is the custodial parent, as she is the parent who has physical custody of the child for the majority of the time (see Matter of Watson v Maragh, 147 AD3d 769, 770). Pursuant to the Child Support Standards Act, an award of child support is payable directly to the custodial parent by the noncustodial parent, unless it is paid to a third party for goods or services furnished for the child (see Domestic Relations Law § 240[1][a]).
The defendant failed to demonstrate that the Supreme Court adopted provisions in the judgment of divorce that distorted the apparent meaning of the stipulation of settlement (see Palau v Palau, 219 AD3d 919, 920; Matter of Gucker v Gucker, 174 AD3d 710, 711).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court